## HAGEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 30, 1925. Rehearing Denied April 20, 1925.)

No. 4351.

**Intoxicating liquors ⟨⟩248—Affidavit held insufficient as basis for search warrant.**

An affidavit in support of an application for search warrant which stated no facts tending to show probable cause for believing that the grounds for the application existed, and contained no statement that any books or documents tending to show unlawful sale of liquor were in the premises or on the person of defendant, named as proprietor, *held* insufficient to authorize issuance of the warrant or the search of defendant's person, and seizure of papers and documents found thereon.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

4 F.(2d)—51

Criminal prosecution by the United States against Edward Joseph Hagen. Judgment of conviction, and defendant brings error. Reversed and remanded, with directions.

Carkeek, McDonald, Harris & Coryell, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Hagen, Pielow, Givens, and Brown were jointly indicted and tried for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Brown was acquitted; Hagen and the others were convicted. Hagen brought writ of error.

Upon the trial a prohibition agent testified that he with other agents went to the dwelling house at 122 Broadway, Seattle, and there served the search warrant upon defendant Hagen, who was in the house, and that upon a search of the house for liquor he found beer and gin in Pielow's room. Counsel for defendants objected to any testimony of the discovery of liquor or any other article, on the ground that the search warrant was wholly void and that the seizure was illegal. The objection was overruled and exception was noted. Witness testified that Brown said the place was his; that Hagen said he did not live there, which statement was true so far as witness knew. Witness also testified that he seized a book and papers and cards, all of which were identified as taken from the person of Hagen. These papers and memoranda so seized upon the person of Hagen were admitted in evidence against Hagen and the other defendants. The papers contained various written abbreviations which a witness for the government testified were commonly used to describe certain kinds of intoxicating liquor. The memoranda were very material as tending to implicate Hagen in the conspiracy charged. The question we shall decide is whether the warrant and search were valid.

In the affidavit upon which the search warrant was issued O'Hara set forth that he was a federal prohibition agent; that one "Ed Hagen and employees on the 20th of February, 1923, and thereafter was, has been and is possessing and selling intoxicating liquor, all for beverage purposes on the premises used, operated, and occupied in connection therewith, * * * all of said

premises being occupied or under the control of Ed Hagen and employees, in violation of the statute," etc. Wherefore affiant asked that a search warrant issue "authorizing a search of the persons of said Ed Hagen and employees and the premises above described and seizure of any and all of the above described property and intoxicating liquor and means of committing the crime aforesaid, all as provided by law and said act." The commissioner issued the warrant, commanding the prohibition officer to enter the premises described in the affidavit, and then and there diligently "investigate and search the same and into and concerning said crime, and to search the person of said Ed Hagen and employees, and from him or her, or from said premises, seize any and all of the said property so used in or about the commission of said crime, and then and there take the same into possession and a true report make." The officer returned the warrant, stating that he had found certain described quantities of whisky and beer and various letters, books, papers, cards, and accounts in possession of the various defendants.

We hold that the affidavit upon which the search warrant was issued was insufficient to support the issuance of the warrant. Not a fact was set forth which tended to establish the ground of the application for the warrant, or which tended to show probable cause for believing that the grounds for the application existed. Not even a circumstance was stated which would tend to show that the house was being used by Hagen for the unlawful sale of intoxicating liquor. Nor was there any statement that in the house there were documents or books or memoranda tending to show unlawful sale of intoxicating liquor, or that Hagen had in his personal possession any writings or other evidence connecting him with a violation of the prohibition law. Nor was there any attempt to describe the books, or documents, or papers to be seized from Hagen or any one else. There was no basis of fact upon which the finding of probable cause can stand. The proceeding, therefore, can only be regarded as an unwarranted invasion of Hagen's rights, carried on, apparently, to obtain evidence upon which to base a criminal charge. The legal effect of such a search and seizure of papers was to force the person searched to become the unwilling source of evidence against himself, and put him in a position where he can invoke that protection afforded him by the Fourth and Fifth Amendments to

the Constitution and by the acts of Congress. Section 25, title 2, National Prohibition Act, 41 Stat. 315 (Comp. St. Ann. Supp. 1923, § 10138½m); sections 10496¼c and 10496¼d, Comp. St. 1918, Comp. St. Ann. Supp. 1919; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Veeder v. United States, 252 F. 414, 164 C. C. A. 338; United States v. Mitchell [D. C.] 274 F. 128. The conviction of conspiracy cannot stand.

The judgment is reversed and the cause is remanded, with directions to grant a new trial.