## UNITED STATES v. SPALLINO et al.

District Court, W. D. New York. June 13, 1927.

**1. Searches and seizures ⬿7(9)—Under warrant authorizing search for liquor, books and papers cannot be taken from safe (Const. Amend. 4; 18 USCA § 611 et seq.).**

Defendant, whose premises had been searched under search warrant for liquor, *held* entitled to return of books and papers seized, after forcible entry into his safe several days after execution of warrant, since officer's authority was limited to search and seizure of liquor and containers and property only, in view of Const. Amend. 4, and Act June 15, 1917, tit. 11, § 1 et seq. (18 USCA § 611 et seq.).

**2. Searches and seizures ⬿7(1)—Invalid search is not made lawful by what it brings to light (Const. Amend. 4).**

Invalid search is not made lawful by fact that property is found which would authorize such search, in view of Const. Amend. 4.

**3. Criminal law ⬿395—Documents unlawfully obtained under search warrant cannot be kept from owner or used by government in liquor prosecution.**

Books and papers, unlawfully taken under search warrant authorizing search for liquor, cannot be kept, copied, or impounded or used by government on trial of owner for violation of National Prohibition Act (27 USCA [Comp. St. § 10138¼ et seq.]).

Joseph Spallino and others were accused of an offense against the United States. On defendants' motion for return of books and papers taken in search. Motion granted, and government's petition to impound them for use on trial denied.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Michael J. Maher, of Buffalo, N. Y. (James O. Moore, of Buffalo, N. Y., of counsel), for Spallino.

HAZEL, District Judge. The search warrant in controversy, dated May 14, 1926, directed search and seizure of the ground floor of a three-story building at No. 328 Thirteenth street, Niagara Falls, N. Y., together with cellar underneath, including a two-story building in the rear and forming a part thereof, and outhouses. The ground floor consisted of rooms having a sign "Third Ward Political Club, Inc.," extended across the building over the first floor. The warrant also directed search of a one-story frame building, formerly a theater, adjacent to the first-mentioned building, and connected with the political club by an inclosed passageway by way of a roof extension to the club; there being a narrow lane or driveway between the theater and the club premises, together with a rear outbuilding. Some of the buildings on the land were private dwelling houses against which, however, the search was not directed. It was averred generally, in the information, that intoxicating liquor fit for beverage purposes was unlawfully manufactured and kept, especially in the building attached to the rear of the political club and in the theater building, as evidenced at different times by the odor from the theater building, and noticed in the passageway between the two buildings and by distinctive sounds of rolling tin cans and large barrels used as alcohol containers, and from loud talk of men at work, and from removal of cans in automobiles. The odors of distillation of distilled spirits, according to the information, were also plainly noticed as coming from the garage.

The commissioner was satisfied of the existence of probable cause to believe that the National Prohibition Act (27 USCA [Comp. St. § 10138¼ et seq.]) was being violated, and directed entry to the described premises and search and seizure of liquors and property. On execution of the warrant, large quantities of liquors were seized in the abandoned theater part of the building, the garage back of the club, and a small bottle of distilled spirits was discovered in the clubroom.

The petitioner, Spallino, was not present when the search warrant was executed, but came before it was completed, and was arrested, admitted to bail, and, on returning to the premises, the officers, who were still there, asked him to open his safe, which was in the front room of 328 Thirteenth street, but he refused to do so. The liquor seized was destroyed without order of the court.

On May 16th, two days after the seizure, the same officers returned to the premises, entering through a basement door in the absence of petitioner, and, purporting to act under the search warrant, drilled open petitioner's safe and seized private books, papers, documents, giving him a receipt for "books and assorted papers." The return to the United States commissioner makes no mention of the seizure of any books and papers. Indeed, the warrant does not direct seizure of any books, papers, or records.

The validity of the search warrant was challenged, on hearing before the United States commissioner, on the ground of violation of the Fourth Amendment of the Constitution and laws of the United States, and application was made for the return of the seized documents, but the motions were denied. Later an indictment was found against

petitioner and others, charging conspiracy to violate the National Prohibition Act.

[1, 2] This application, for return of unlawfully seized papers, is seasonably made. Petitioner contends that, since the warrant did not authorize search for books and records, the authority of the officers was limited to search and seizure of liquor and containers and property only. This contention, in my opinion, must prevail, for the seizure in question was clearly wrongful, if tested by the Fourth Amendment of the Constitution and the laws of the United States. It was wrongful, even though probable cause existed for the issuance of the warrant and discovery of liquor and apparatus for manufacturing, since an invalid search is not "made lawful by what it brings to light." A. J. Byars v. U. S., 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, recently decided by the Supreme Court. The Fourth Amendment clearly prohibits unreasonable searches and seizures and issuance of a warrant unless the oath or affirmation particularly describes (1) the place to be searched; (2) *the person or thing to be seized*. The government concedes that the latter requirement was not complied with, and that petitioner's rights have been violated, but nevertheless urges that the books and papers, taken without authority, should be impounded so as to enable using them on the trial as evidence against all the defendants other than petitioner, who alone invokes violation of his personal rights. I do not agree with the reasoning advanced in support of this view. The adjudications cited, as bearing on the point, are either distinguishable or at variance with analogous decisions especially by the Circuit Court of Appeals of this circuit. Kirvin v. U. S., 5 F. (2d) 282.

Counsel relies on Sayers v. U. S. (C. C. A.) 2 F.(2d) 146, but there the seizure of papers was upheld on the ground that the offense was committed in the presence of the officers, who then and there arrested the offender and seized evidence of the crime incidentally discovered; while in Marron v. U. S., 8 F.(2d) 251 (9th Circuit), the seizure of a ledger containing a schedule of liquors on hand and sales from day to day was also incidental to the arrest.

In the Kirvin Case, supra, a case this court is required to follow, and wherein the facts are not as strong as here, the officers directed by the warrant to search the premises and seize liquors, books, and records pertaining to the sale and transportation of such liquors. But the court quashed the warrant relating to the seizure of the books and papers on the ground that the oath or affirmation failed to show the use of books and papers in connection with any sales, and their seizure was illegal; it not being shown that they were the means or instruments of the crime. The court, by Chief Judge Manton, substantially said that it is not enough that papers seized may be some evidence of the crime; the affidavit filed with the commissioner must set out a description of the books and papers used in connection with the sale of alcohol.

[3] So in this case, to accord the petitioner the protection in his personal rights guaranteed by the Constitution and laws of the United States, it must be ruled that forcibly entering his safe and seizing his books and papers, several days after the execution of the search warrant authorizing a search for liquor and stills, was unreasonable, wrongful, and a violation of the Fourth Amendment and Act of June 15, 1917 (40 Stat. 228 [18 USCA § 611 et seq.]). The papers and documents were not found incidental to the detection of unlawful manufacturing and possessing, and were not shown to have been the means of committing the offense. It is not enough that the papers seized may be evidence of crime. There was no authority shown to make the search and seizure in question. Nor can the documents be kept, copied, or impounded, or used on the trial. Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319. Even though the petitioner was arrested, the papers were not on his person, and, as said in the Kirvin Case, "the distinction has been recognized between what one carries about on his person and what one keeps in his house."

The government stresses the case of Remus v. U. S. (C. C. A.) 291 F. 501, as authority for use of books and papers, unlawfully seized, against other defendants joined with the petitioner, but that case is not strictly in point. No application was made by Gehrum for return of his papers unlawfully seized. He elected to go to trial, and the evidence relating to unlawful seizure was held cured by its seasonable withdrawal from the jury by the trial court, and, in the circumstances, the other defendants had no valid ground of objection to the evidence; their home not having been invaded.

There are other adjudications of a similar import cited by the government, but, in my opinion, they are clearly distinguishable from the case at bar. On the other hand, there is abundant authority that petitioner, in view of the circumstances, is entitled to a return of his books, papers, and documents unlaw-

fully seized. Kirvin v. U. S., supra; U. S. v. Friedberg (D. C.) 233 F. 313; U. S. v. Hill (D. C.) 263 F. 812; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319.

In Hagen v. U. S. (C. C. A.) 4 F.(2d) 801, the search warrant contained no statement that any books or documents showed unlawful sale of liquor on the premises or on defendant's person, and the court held that the seizure was unwarranted; that the legal effect of such a search and seizure of papers was to compel defendant to be a witness against himself, and his conviction of conspiracy was reversed.

In U. S. v. Friedberg, supra, it was held that a search, to be lawful, and therefore reasonable, must not only be confined to the place, but that the things seized must be particularly described.

The search warrant, authorizing search for liquor possessed on the described premises, complied with the Constitution and laws, but, as to the subsequent seizure of books and papers, the petitioner's rights were violated, and they must be returned to him. The petition of the government to impound them for use on the trial is denied.