## UNITED STATES v. SPALLINO.

District Court, W. D. New York.   February 11, 1929.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Harold E. Orr, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Michael J. Maher, of Buffalo, N. Y. (James O. Moore, of Buffalo, N. Y., of counsel), for defendant.

ADLER, District Judge. This is a criminal proceeding to punish the defendant, Joseph L. Spallino, for his alleged contempt of court for his failure to appear and produce certain books, papers, records, and documents in obedience to a subpœna duces tecum.

Spallino's ice plant at Niagara Falls, N. Y., was entered by federal prohibition agents in May, 1926, acting under a search warrant issued by a United States commissioner. The agents seized a quantity of intoxicating liquor, and also books, papers, records, and documents found in Spallino's safe and desk. The District Judge ordered the return of books, papers, documents, and records, upon the ground that they were not mentioned in the warrant, and that they were not seized as an incident to the arrest of Spallino, and that, therefore, Spallino's constitutional rights under the Fourth Amendment to the Constitution had been invaded. The petition of the government to impound them for use on the trial was denied. (D. C.) 21 F.(2d) 567.

The grand jury returned several indictments against some 90 persons, including Spallino, charging them with conspiracy to violate the National Prohibition Act (27 USCA § 1 et seq.). The government later dismissed the indictments against Spallino, and then moved for trial and indictment against other defendants. Spallino was thereupon subpœnaed to produce the same papers previously seized from him, for use on the trial of the other defendants. He re-fused to answer the subpœna, and this proceeding for contempt is brought.

The case of Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, applies. The facts in the Silverthorne Case and in the instant case disclose exactly the same situation. In both cases the proceeding is one to punish for contempt for a failure to answer a subpœna duces tecum. In both cases the papers sought to be produced had been seized from their possessor and returned to him by the court, on the ground that there had been an illegal search and seizure. In both cases the knowledge of the government of the existence of the papers and what they contained was obtained through the illegal seizure. In both cases the government dropped its prosecution proceedings against the owner of the papers and continued its prosecution against the other defendants. In both cases the owner and possessor of the papers, while no longer being prosecuted for the offense charged is involved in the crime for which the other defendants were to be tried. In the instant case, and relying upon the authority of the Silverthorne Case, Judge Hazel in an opinion reported in (D. C.) 21 F.(2d) 567, refused to order the papers and documents to be impounded.

The opinion in the Silverthorne Case was delivered by Mr. Justice Holmes. Chief Justice Taft in his opinion in Essgee Co. of China v. U. S., 262 U. S. 151, 156, 43 S. Ct. 514, 516, 67 L. Ed. 917, after a résumé of the facts in the Silverthorne Case uses this language:

"This court held that the government could not, while in form repudiating the illegal seizure, maintain its right to avail itself of the knowledge obtained by that means which otherwise it would not have had. In other words, we held that the search thus made was an unreasonable one, against which the corporation was protected by the Fourth Amendment and which vitiated all the subsequent proceedings to compel production."

In my opinion the facts in the Silverthorne and in the instant case are identical in their essential particulars. The attempt to compel the production of these papers by a subpœna duces tecum is a subsequent proceeding to compel production which, in the language of the Supreme Court, is vitiated by the unreasonable search to which the owner of the papers was subjected, and against which he was protected by the Fourth Amendment to the Constitution.

The government's petition for the punishment of Joseph L. Spallino for contempt of court is dismissed.