### In re DOOLEY et al.

District Court, S. D. New York.

June 20, 1930.

Thos. O. Gallagher, of New York City, for petitioner.

Charles H. Tuttle, U. S. Atty., of New York City (Robert B. Watts, Asst. U. S. Atty., and Arthur H. Schwartz, Asst. U. S. Atty., both of New York City, on the brief), for respondent.

BONDY, District Judge.

This is a motion made for the return of records and merchandise illegally seized during the search of petitioner's premises in a most outrageous manner without a warrant, and for the suppression of the evidence obtained as a result thereof, not only as against petitioner whose premises were unlawfully searched and whose property was illegally seized, but also as against other persons charged, together with the petitioner, with having violated the National Prohibition Act (27 USCA), notwithstanding that the charges against petitioner have been dismissed.

The illegality of the search and seizure is conceded.

The government has returned, or is willing to return, all the records and merchandise. It, however, questions the right of the petitioner to the suppression of evidence against others than himself.

Petitioner's contention that the evidence should not be admitted against any one in any legal proceeding whatsoever because the government should not be permitted to profit by its own wrong cannot be sustained, in view of the decision of the Supreme Court in Olmstead v. United States, 277 U. S. 438, 48 S. Ct. 564, 72 L. Ed. 944.

United States v. Spallino (D. C.) 21 F. (2d) 567, 568, mainly relied on by the petitioner, only reaffirms the right of the person whose premises have been illegally searched to the return of the books and papers illegally seized in spite of the government's insistence on the right to impound them for use as evidence against defendants other than the person whose constitutional rights have been violated. The District Judge did say: "Nor can the documents be kept, copied, or impounded, or used on the trial." But the case actually involved the return of property and not the suppression of evidence.

The authorities relied on by the government, holding that a defendant whose constitutional rights have not been violated cannot object to evidence on the ground that it was obtained through the illegal search and seizure of property of another, do not directly bear on the question whether the person whose premises have been illegally searched, and whose property has been illegally seized, can have the evidence obtained as a result thereof, suppressed against others than himself.

In Remus v. United States, 291 F. 501, the Circuit Court of Appeals, Sixth Circuit, held that evidence seized in violation of the Fourth Amendment was admissible against all defendants, except the one whose premises were wrongfully searched and whose property was wrongfully seized, and that the person whose constitutional rights had been violated could not claim the protection of the Fourth and Fifth Amendments for the benefit of codefendants.

As the United States Supreme Court itself points out in Olmstead v. United States, 277 U. S. 438, 467, 48 S. Ct. 564, 569, 72 L. Ed. 944, quoting from Greenleaf on Evidence: "It may be mentioned in this place, that though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility, if they are pertinent to the issue. The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue, to determine that question." And quoting from Jones on Evidence: "The Weeks Case [232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177] announced an exception to the common-law rule by excluding all evidence in the procuring of which government officials took part by methods forbidden by the Fourth and Fifth Amendments. Many state courts do not follow the Weeks Case. People v. Defore, 242 N. Y. 13, 150 N. E. 585. But those who do treat it as an exception to the general common-law rule and required by constitutional limitations. * * * *"

The court based the exception on the ground "the protection of the Fourth Amendment would be much impaired, unless it was held that not only was the official violator of the rights under the amendment subject to action at the suit of the injured defendant, but also that the evidence thereby obtained could not be received." 277 U. S. 463, 48 S. Ct. 564, 567 (72 L. Ed. 944).

At the time of the adoption of the Fourth Amendment, illegality in the mode of procuring evidence was no ground for the exclusion thereof. Wigmore on Evidence (2d Ed.) §§ 2183, 2184. The Fourth Amendment was not intended to effect any change in the law of evidence. The principle that

property seized in violation of that amendment should not be used as evidence was announced as an exception to the rule that evidence may be used, no matter how wrongfully obtained. The right to invoke the exception has never been extended, but, on the contrary, has been denied expressly to others than the person whose rights have been violated. The case of Remus v. United States, supra, is the only case called to the attention of the court in which the question has been raised, and there it was held that the defendant whose rights had been violated could not claim the protection of the Fourth and Fifth Amendments for the benefit of his codefendants.

A person whose constitutional rights under the Fourth Amendment have been violated cannot demand an extension of the exception by urging the violation for the protection and benefit of others.

The use of the evidence, however wrongfully obtained, accordingly will not be suppressed against such others.