## Commonwealth of Pennsylvania *v.* Dabbiero, Appellant.

*Criminal law—Intoxicating liquor—Search warrant—Blanket Form.*

A blanket form of search warrant averring in general and formal terms that reasonable cause has been shown for issuing the warrant is improper and contrary to the statute and to the common law. Where an officer, or any other person, swears absolutely and un-

qualifiedly to a fact material to the inquiry, which he has no reasonable ground to believe to be true, he takes the chances of an indictment for perjury. If the rights, civil or constitutional, of a defendant have been infringed by the manner of the seizure of his property, he has his remedy, civil or criminal, as the case may be, against the offender.

But the court will not suppress the evidence of the contraband liquor obtained under such search warrant.

General statements which are not in accordance with the actual facts are contrary to the legal requirements for a search warrant, and the practice of issuing them upon such general statements will be discouraged.

Commonwealth *v.* Hunsinger 89 Pa. Superior Ct. 238 followed.

Argued November 16, 1926. Appeal No. 174, October T., 1926, by defendant, from decree of Q. S. Bradford County, September Sessions, 1925, No. 29, in the case of Commonwealth of Pennsylvania v. Dan Dabbiero. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for possession of intoxicating liquor. Before CULVER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were in discharging rule to suppress the evidence because of the illegality of the search warrant, and the sentence of the Court.

*W. G. Schrier,* and with him *Charles E. Mills* and *Lilley & Wilson,* for appellant.

*David J. Fanning,* District Attorney, for appellee.

OPINION BY PORTER, P. J., December 15, 1926:

The defendant was convicted in the court below upon an indictment which charged the unlawful possession of intoxicating liquor for beverage purposes.

Certain intoxicating liquor and a one gallon can of alcohol, four 1 oz. bottles full of whiskey coloring and four 1 oz. bottles of anisette coloring had been found and seized in his dwelling, in the execution of a search warrant issued by a justice of the peace upon complaint filed and sworn to by one of the officers. After indictment found the defendant presented to the court a petition averring that the search warrant had been illegally issued, upon an insufficient complaint and had been executed by the officers in violation of the constitutional rights of the defendant and praying that the liquor and other articles seized be suppressed as evidence, whereupon the court granted a rule on the district attorney and the police officer who had made the complaint to show cause why the property should not be suppressed as evidence and should not be returned to the custody and possession of the defendant. The district attorney filed an answer, and the court, after a hearing, discharged the rule, which action is the foundation of the first assignment of error. The court, upon the trial, overruled objections by counsel for the defendant to the admission in evidence of the liquor so seized, to which ruling the defendant took an exception and here assigns it for error.

The assignments of error must be overruled and the judgment affirmed for the reasons stated in the opinion this day filed in the case of Commonwealth v. Hunsinger, 89 Pa. Superior Ct. 238. We deem it our duty, however, to state that the course pursued by the officers, in making the complaint and securing the search warrant, was altogether irregular. Neither the name of the defendent nor the place to be searched were stated in either the complaint or the warrant. It was a general one, purporting to authorize in the broadest terms the searching of any and all persons and any property within the county. That such a complaint and war-

rant has been invalid in this Commonwealth from the date of its earliest constitution, and at common law, is clear beyond any question. The evidence in this case disclosed another course of action by the authorities, in making complaints and procuring the issue of search warrants which cannot be justified. The complaint was made upon a printed or type-written blank form, which in the printed or type-written matter embodied an allegation of the material facts which the officer making the complaint was ex-pected to swear to, as constituting the reasons for his belief that intoxicating liquors were being sold for beverage purposes in the residence of the defendant. It is stated in the paper book of the appellee that this form, which apparently was intended to be used in all cases, was prepared after the decision of this court in Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369, and was prepared by the draftsman "with that case before him, with the thought that complaints used would comply with the law as enunciated by the Schwartz case." This view leaves entirely out of consideration the fact that the party making the com-plaint was acting under oath and ought not to be called upon to swear, absolutely, to something which he did not know to be true. The complaint in the present case set forth, as the grounds of the officer's belief that reasonable cause for the search existed: "That he has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place above described and from his own observa-tion he is satisfied that there is probable cause to be-lieve that the premises are being used as above set forth because of the character of the persons frequent-ing said premises, their habits and the fact that they have been using, while frequenting said premises, intoxicating liquor." The officer who had made this complaint, when testifying in court, distinctly and

unequivocally said that no person had told him that they had bought liquor from the defendant and that he had made no observation of the premises and did not then know where they were located. When an officer, or any other person, swears absolutely and unqualifiedly to a fact material to the inquiry, which he has no reasonable ground to believe true, he takes the chances of an indictment for perjury. If the rights, civil or constitutional, of a defendant had been infringed by the manner of the seizure of his property, he has his remedy, civil or criminal, as the case may be, against the offender: Commonwealth v. Deacon, 8 S. & R. 47; Commonwealth v. Schwartz, 82 Pa. Superior Ct. 379. Unless great care is exercised in the use of the blank form of complaint, intended to secure the issue of a search warrant, which seems to be in general use in Bradford County, so as to make the complaint conform to the facts in each case, it were better that that blank form should never be used.

The judgment is affirmed and the record remitted to the court below; and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.