Commonwealth, Appellant, *v.* Loesel et al.

462

Argued April 20, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (JAMES, J., absent).

*Burton R. Laub,* District Attorney, with him *D. J. McLaughlin,* Assistant District Attorney, for appellant.

*Owen M. Burns,* with him *Joseph C. Barber,* for appellees.

OPINION BY BALDRIGE, J., July 15, 1944:

This is an appeal by the commonwealth from the order of the court below quashing a search warrant issued January 26, 1944, pursuant to a complaint of an enforcement officer of the Pennsylvania Liquor Control Board, and ordering the return of certain liquors seized. The complaint set forth that the affiant has just and reasonable grounds for believing and does believe that liquor, alcohol, malt or brewed beverages, as defined in certain acts of assembly, specifically set forth, are being unlawfully possessed, in and upon that certain premises described as a two-story brick building oc-

cupied as an apartment on the second floor and a taproom on the first floor located at 201 E. 18th Street, Erie, owned and occupied by Vincent J. O'Connor, one of the defendants. The complaint further states "the grounds for probable cause and reasons for affiant's belief are the following, to wit: Complaints and information received from persons of reliable and good reputation, which your affiant has reason to believe and does believe to be true and upon which he has relied in making this affidavit, ...... that this officer has seen whiskey illegally stored on the premises and illegally sold contrary to Act 370, [approved June 16, 1937, P. L. 1762] Section 602, Paragraph 1." The warrant correctly followed the averments set forth in the complaint. The return shows that there were seized insurance policies, receipts, etc. and a large amount of liquor.

Loesel and O'Connor on February 28, 1944, filed a motion to quash the search warrant setting forth inter alia that Loesel, the licensee, through his agent and manager, O'Connor, operated the taproom and alleged (1) that the affidavit of complaint upon which the search warrant was issued and served did not set forth sufficient facts to show probable cause as required by article 1, section 8, of the Pennsylvania Constitution, which provides that "no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant;" (2) that the commonwealth by failing to file an answer to the motion to quash the search warrant prior to the handing down of the order by the court, admitted the allegations contained in the defendants' motion and the court, therefore, was bound to accept the averments contained therein as true; (3) that the defendants were therefore entitled to the return of the goods, papers, etc. seized and their suppression as

evidence as they were the lawful property of the defendants; and (4) that the order of the court in this case was within its judicial discretion.

A rule was granted returnable March 2, 1944. On March 1, 1944, two days after the granting of the rule, the court advanced the return day to that date, ordered that the commonwealth be ready then to present its case. When the court was informed that the commonwealth had not yet filed its answer it directed that this be done at a later date. An answer was filed the following day, March 3, 1944, which denied that Loesel was the owner and operator in possession of the premises, and that the complaint was defective and void, but admitted that it sets forth no specific time an illegal sale was made. The court on the same day, without taking any testimony, quashed the warrant and ordered the seized liquor to be returned, holding that the facts set forth in the affidavit were inadequate, and that the warrant was void on its face. The commonwealth appealed and alleges that the averments in the affidavit praying for the issuance of a search warrant complied with the constitutional requirements and that the seizure was legal. Its principal complaint is that the court upon a mere motion, without taking testimony to determine whether or not the search and seizure were unreasonable and who the real owner of the liquor was, and whether the storage was illegal, which was the important issue, deprived the commonwealth of a full and fair hearing to which it was in justice entitled; that the court's summary action was a clear abuse of discretion.

The legislature has clearly stated that no property rights exist in liquor illegally possessed; it is deemed to be contraband: 1933, Sp. Sess., November 29, art. VI, §611, added 1935, July 18, P. L. 1246, §1; reenacted and amended 1937, June 16, P. L. 1762, §1, 47 PS §744-611. Illegal storage of liquor is a continuing offense. It is not essential, therefore, to name a

specific date when the offense charged was committed. The complaint itself, however, furnished a date. There are no governing provisions for issuance of search warrants under section 611, supra, dealing with the forfeiture of property illegally possessed or used. However, decisions under previous acts are relevant and the Pennsylvania constitutional provision, article 1, section 8, supra, forbidding unreasonable searches and seizures is applicable.

In a clear and comprehensive opinion Judge KELLER, now President Judge, set forth in *Commonwealth v. Schwartz,* 82 Pa. Superior Ct. 369, the essential requisites of a valid search warrant. There a warrant for intoxicating liquors illegally possessed or manufactured, was issued under the specific statutory provisions of section 8 of the Act of March 27, 1923, P. L. 34, now repealed. It was held that alleged violations of law need not be within the personal knowledge of the affiant, nor is he required to set forth the names of witnesses or the details as to what they will testify. "Probable cause does not import absolute certainty. It only implies reasonable grounds for belief and the justice issuing the search warrant is the authority to be satisfied that probable cause exists." (p. 375). Of course, if essential features are lacking the court is warranted in quashing the warrant on motion: *Commonwealth v. Scanlon,* 84 Pa. Superior Ct. 569.

The commonwealth in any event was entitled to have a reasonable time to file its answer and to present testimony if necessary. Those rights were denied. As no time was afforded to take testimony it was the duty of the court to accept as true all the averments in the answer: Sadler, Criminal Procedure in Pennsylvania, Vol. 1, §93, p. 103. The commonwealth's contention is that O'Connor is the owner and operator of the premises searched and the liquor seized and as he has no license to dispense liquor he had no legal authority to possess

the liquor seized. In such circumstances the court was not warranted in summarily quashing the writ.

The court ignored the real issue, basing its action on a mistaken view, that the warrant was technically defective in failing to specify a definite time for the commission of the offense. The action of the court in quashing the search warrant and ordering the intoxicating liquors seized be returned, under the circumstances disclosed by the record, was arbitrary and in our judgment a clear abuse of judicial discretion. The discretion a court is required to exercise is a judicial one and must be in accordance with the established rules and not manifestly unreasonable or arbitrary: *Commonwealth v. Robertson,* 47 Pa. Superior Ct. 472, 474, 475; Sadler, Criminal Procedure in Pennsylvania, Vol. 1, §331, p. 401. The commonwealth should have been given at least reasonable opportunity to prove the facts upon which it relied to show probable cause, before the court peremptorily sustained the motion to quash.

The order is reversed and record remitted to the court below with directions to give the commonwealth a hearing and opportunity to produce evidence on the question of the legality of the seizure.