Commonwealth, Appellant, *v.* Griffin.

Argued September 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Arlen Specter,* Assistant District Attorney, with him *Louis F. McCabe,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

*Donald J. Goldberg,* with him *Garfield W. Levy,* for appellees.

OPINION BY RHODES, P. J., December 12, 1962:

On this appeal the Commonwealth seeks to sustain the validity of a search warrant as issued (1) in proper form and content, and (2) on a showing of probable cause, under article I, section 8 of the Constitution of Pennsylvania, which provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

Having the search warrant in question, the police, on November 21, 1961, entered the apartment of Erma Tanner, a nurse employed at the Oncologic Hospital, Philadelphia, and seized a quantity of narcotics, syringes, and hypodermic needles. The defendant Joseph Griffin occupied the apartment with defendant Erma Tanner. Subsequently indictments were found against Griffin and Tanner charging possession of narcotics and possession of dangerous drugs. Defendants filed a petition to quash the search warrant and to suppress the evidence seized thereunder, alleging the warrant was insufficient on its face and was issued without probable cause. The district attorney filed an answer to defendants' petition. A hearing was held and testimony taken before GOLD, P. J., on the rule to suppress. Judge GOLD held that, although probable cause existed in this case, the affidavit of the search warrant was insufficient in failing to set forth on its face sufficient detailed facts to show probable cause. Accordingly, the court below granted defendants' petition to suppress the evidence. The Commonwealth appeals.[1]

We are of the opinion that under the law of Pennsylvania the search warrant in this case was valid. The evidence taken on the petition and rule to suppress shows the following: Officer Raffaele testified that a fellow officer, whose wife was a nurse in the same hospital, received information that defendant Tanner was secreting drugs and removing them from the hospital to the apartment where she lived with defendant Joseph Griffin. Officer Raffaele testified: "By the Court: Q. And the informer was also a nurse? A.

---

[1] In *Com. v. Bosurgi*, 198 Pa. Superior Ct. 47, 49, 182 A. 2d 295, 297, we held: "Where the order suppressing evidence on the ground it was obtained by illegal search and seizure in effect terminates the prosecution, it is definitive and appealable by the Commonwealth."

Yes, sir. Q. And what information did you get about this Erma Tanner? A. She had stated that Erma Tanner was supposed to administer narcotics to the patients, sir, and that she had marked down that she was administering them, but the patients were complaining that they didn't get them, and from that she surmised that Erma Tanner was confiscating narcotics for her own use." On the question of what was presented to the magistrate by way of probable cause, Officer Raffaele further stated: "By Mr. Goldberg: Q. And you told the magistrate nothing else than what appears on that warrant other than the fact that you did check to see that it was Erma Tanner; is that right, sir? A. Yes, sir. By the Court: Q. Officer, did you tell him that drugs were missing from the hospital? A. My— Q. Did you tell that to the magistrate? A. My partner had related that to him. Q. What? A. My partner. Q. Were you both together at the time? A. Yes, sir. See, the woman that gave the information was my partner's wife. And he related it to him." The testimony in its entirety shows the magistrate was informed of sufficient basic facts to show probable cause. We do not agree with the conclusion of the court below that the magistrate issued the warrant without any evidence of probable cause beyond the wording of the affidavit as "Investigation and complaints received and investigations conducted."

Aside from any question of burden of proof on this issue, the Commonwealth clearly established probable cause for issuance of the search warrant in this case. The law on this point, under article I, section 8 of the Constitution of Pennsylvania is stated by Judge KELLER in *Com. v. Schwartz*, 82 Pa. Superior Ct. 369, 375: "The affiant is not restricted to violations of law within his own knowledge nor is he bound to set forth the names of witnesses or the details as to what they would testify. Probable cause does not import absolute

certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists."[2] Probable cause requires proof of facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within knowledge of the magistrate, that the charge made by the applicant for the warrant is true. 79 C.J.S., Searches and Seizures, §74b, p. 864; 47 Am. Jur., Searches and Seizures, §22, p. 516.

Secondly, the averments in the warrant were sufficient in form and content to constitute a compliance with article I, section 8 of the Constitution of Pennsylvania. The search warrant with the affidavit here involved was in the following form and contained these recitals: "The affiant being duly sworn before me according to law deposes and says that there is probable cause and reasonable grounds to believe and does believe that certain good/s feloniously acquired and/or certain article/s necessary to the course of Public Justice is or was concealed in such a way to make this Procedure essential." The goods were described as "Illegal use and possession of narcotics." The affidavit was on a printed form which contained blanks. Under the heading "Probable Cause and/or Reasonable Grounds (explain in detail)" in one of the blanks had been inserted "Investigation and complaints received and investigations conducted."

The case of *Com. v. Schwartz*, supra, 82 Pa. Superior Ct. 369, followed in *Com. v. Loesel*, 155 Pa. Superior Ct. 461, 465, 38 A. 2d 523, establishes that the form and content of the affidavit in the present case were a sufficient compliance with the Pennsylvania constitutional provision. Speaking of the more stringent requirements of the Pennsylvania Prohibition Act

---

[2] See *Jones v. United States*, 362 U.S. 257, 272, 80 S. Ct. 725, 4 L. Ed. 2d 697, 708.

of March 27, 1923, P.L. 34, Judge KELLER stated in *Com. v. Schwartz,* supra, 82 Pa. Superior Ct. 369, 374: "Were it not for the provision in the act that the complaint shall set forth probable cause, it would have been sufficient for the affiant to make affidavit in the language of the act, viz: 'that there is probable cause to believe, and that he has just and reasonable grounds for believing, and does believe'. . . . The same provision of the Constitution which protects the people from unreasonable searches also protects them from unreasonable arrests; and yet it was held in Com. v. Green, 185 Pa. 641 that an information is sufficient to support a warrant of arrest where the affiant affirms 'to the best of his knowledge, information and belief,' which is certainly no stronger than the words from the act above quoted." To the same effect, see *Com. v. Scanlon,* 84 Pa. Superior Ct. 569, 570, 571. Cf. *Com. v. Hunsinger,* 89 Pa. Superior Ct. 238, 240, affirmed 290 Pa. 185, 138 A. 683; *Com. v. Dabbiero,* 89 Pa. Superior Ct. 435, 438. As stated in 14 A.L.R. 2d 605, 610: "Under the Pennsylvania constitutional provision forbidding unreasonable searches and seizures, the affiant is not required to set forth the names of witnesses or the details as to what they will testify, and the alleged violation of law need not be within the personal knowledge of the affiant. Commonwealth v. Loesel (1944) 155 Pa. Super. 461, 38 A. 2d 523."

The law of Pennsylvania relating to issuance of warrants for the arrest of persons suspected of criminal acts is in accord. Such warrants may be predicated on information, even on information and belief, charging the commission of the crime in the terms of the statute defining it. Facts or evidence in support are unnecessary. *Com. v. Green,* 185 Pa. 641, 40 A. 96; *Com. v. Strantz,* 137 Pa. Superior Ct. 472, 9 A. 2d 197; *Com. v. Dingman,* 26 Pa. Superior Ct. 615; *Com. v. Campbell,* 22 Pa. Superior Ct. 98.

In our opinion the warrant and affidavit in the present case complied with the law of this Commonwealth as laid down in the *Schwartz, Loesel,* and *Scanlon* cases. Nor does the decision in *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, mean that Pennsylvania is compelled to adopt the federal rule as to particularity of the search warrant in setting forth probable cause. "The Constitution commands the States to assure fair judgment. Procedural details for securing fairness it leaves to the States." *Carter v. Illinois,* 329 U.S. 173, 175, 67 S. Ct. 216, 218, 91 L. Ed. 172, 175. In *Com. ex rel. Stoner v. Myers,* 199 Pa. Superior Ct. 341, 347, 185 A. 2d 806, 809, we said: "A state may determine its procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions. Mapp v. Ohio, supra, 367 U.S. 643, 659, note 9, 81 S. Ct. 1684, 1693, note 9, 6 L. Ed. 2d 1081, 1092, note 9; United States ex rel. Gregory v. New York, 195 F. Supp. 527."

The question on this appeal is whether probable cause was shown for issuance of the search warrant and whether it was in proper form under state law. No question concerning due process, under the recent decision of *Mapp v. Ohio,* supra, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, is involved in the present appeal.

The order of the court below granting defendants' petition to suppress evidence is reversed, with a procedendo.

FLOOD, J., dissents.

————

DISSENTING OPINION BY MONTGOMERY, J.:

This case involves a seizure of narcotics and implements for their use made under a search warrant issued on an affidavit reciting that:

'The Affiant being duly sworn before me according to law deposes and says that there is probable cause and reasonable grounds to believe and does believe that certain good/s feloniously acquired and/or certain article/s necessary to the course of Public Justice is or was concealed in such a way to make this Procedure essential."

The goods were described as "Gambling paraphernalia pertaining to and being used for Ill. Lottery (Numbers)" and "Illegal use and possession of narcotics."

The affidavit was on a printed form which contained blanks. Under the heading "Probable Cause And/Or Reasonable Grounds (explain in detail)" in one of the blanks, had been inserted "Investigation and complaints received and investigations conducted." However, no facts, secured as a result of the investigation or complaints, were set forth by appellees. The success of an unlawful search does not justify it or convert it into a legal one. *United States v. Asendio,* 171 F. 2d 122; *Wisniewski v. United States,* 47 F. 2d 825; *United States v. Spallino,* 21 F. 2d 567.

Although a search warrant may be issued on an affidavit alleging that there is probable cause for its issuance and the affiant so believes, when that allegation is questioned, such probable cause must be demonstrated. *Commonwealth v. Loesel,* 155 Pa. Superior Ct. 461, 38 A. 2d 523. When such cause is lacking, the warrant must be quashed and the evidence secured by its authority suppressed. *Commonwealth v. Scanlon,* 84 Pa. Superior Ct. 569.

In my opinion, the record in this case fails to demonstrate probable cause for the issuance of the search warrant. The general definition of probable cause requires proof of facts and circumstances as would excite an honest belief in a reasonable mind acting on all the facts and circumstances within knowledge of

the magistrate that the charge made by the applicant for the warrant is true. *Commonwealth v. Schwartz*, 82 Pa. Superior Ct. 369. This record fails to satisfy this definition.

At the outset no information was given the magistrate who issued the warrant other than what was set forth in the affidavit. Officer Raffaele, the officer on whose affidavit the warrant was issued, was the only witness at the hearing. He testified concerning the information he gave the magistrate as follows:

"A. I didn't relate the name of the informer. I just related that what I had put on the search warrant was true, and I told him nothing else.

"BY THE COURT:

"Q. You didn't tell anything else to the magistrate, about the partner's wife or dope being missing from the hospital?

"A. No, I didn't."

There is some indication that his partner had told the magistrate what his wife in turn had told him. However, the partner was not sworn in giving that information, nor did he testify at the hearing.

Furthermore, the only investigation made by Officer Raffaele was to determine the place in which appellees lived. He made no inquiry as to the complaints or as to possession of "dope" or gambling equipment. He had no direct communication from the alleged informant; and had heard absolutely nothing about appellee Griffin.

Lack of thoroughness in the preparation made for securing this search warrant justified the lower court in quashing it and suppressing the evidence secured by it. More thoroughness in making investigations of this nature is recommended, as well as more elaboration in the allegations of facts showing probable cause in the affidavit offered in support of search warrants. It must be kept in mind at all times that it is the

44

magistrate who must be convinced of its existence, not the person seeking the warrant. *Commonwealth v. Schwartz*, supra.

"The making of an information for the purpose of obtaining a search warrant is not to be lightly regarded. It is a serious matter to enter and search the home of a citizen." *Reby v. Whalen*, 119 Pa. Superior Ct. 476, 480, 179 A. 879, 881. Consequently, when such informations are not based on personal knowledge but on the knowledge of others, it is only reasonable to hold that the affiant should satisfy himself, to the extent dictated by ordinary prudence in the existing circumstances, of the knowledge and credibility of the informant.

Therefore I respectfully dissent from the opinion and decision of the majority reversing the lower court. I would affirm the order suppressing the evidence secured by the execution of the warrant.