Commonwealth *v.* Shaw, Appellant.

Argued June 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Marvin Comisky,* with him *Richard M. Rosenbleeth, Goncer M. Krestal,* and *Blank, Rome, Klaus & Comisky,* for appellant.

*Edward P. Little, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:

Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof which had not been performed at the time the appeal was made a supersedeas.

———

DISSENTING OPINION BY HOFFMAN, J.:

The question raised in this case is whether there was probable cause for the issuance of a search warrant pursuant to which certain items were seized and later admitted in evidence against appellant.[1]

———

[1] Appellant raises three other questions, which I do not deem meritorious.

The prosecution arose out of an investigation by an officer of the Pennsylvania State Police, beginning about April 1968. In December 1968, this police officer obtained a search warrant for a certain premises (hereinafter "Kaufman premises") in a rural area of Susquehanna County for the purpose of searching for narcotic drugs.

The probable cause section of the warrant stated that early in April an undercover agent had on two occasions gained access to the first floor of the tenant house, a section of the Kaufman premises, which was under the apparent possession and control of appellant and another individual. The agent had witnessed the smoking of marijuana and hashish by a group of people gathered there. Despite these observations, no search warrant was issued in April.

The police officer personally watched the Kaufman premises between April 11 and April 26 at least once every twenty-four hours, and subsequent to April 26 and until the warrant was issued, watched the Kaufman premises about twice each week. He observed visitors who were "of the hippie type" and a considerable number of automobiles on the premises at various times with out-of-state license plates. However, he found no indication of the presence of narcotic drugs at the Kaufman premises during these periods of observation.

On the morning of December 8, the day of the filing of the complaint for a search warrant, it was reported to this officer that "a caravan of vehicles" had entered Susquehanna County, and that occupants of these vehicles had reportedly asked directions to appellant's residence. It was later confirmed that the caravan stopped at the Kaufman premises.

The officer was informed by fellow officers that they believed they had seen appellant, then on bail on a nar-

cotics charge pending in New York, at the Kaufman premises.

In addition, the State Police substation had received a number of phone calls and complaints indicating that the persons who had entered the Kaufman premises were "unique and unusual." One of the residents of the area indicated that he suspected narcotics on the premises. No indication was given as to the basis of this suspicion.

On the basis of this complaint, a search warrant was issued on December 8. Pursuant to this search warrant the Kaufman premises, including the appellant's room in the tenant house, was searched. Certain items, subsequently identified as containing marijuana, were seized in appellant's room. The police officer also seized appellant's wallet which contained a small pad, identified at the trial as hashish.

Based on this and other evidence, appellant was found guilty of possession of narcotic drugs. From judgment of sentence, this appeal follows.

Probable cause to issue a search warrant exists if the factual evidence, to which the police officer swears, would warrant a man of reasonable caution in believing that a crime was or is being committed. *Carroll v. United States*, 267 U.S. 132, 161, 45 S. Ct. 280, 288 (1925). In order to determine whether probable cause existed at the time the search warrant was issued, the facts on which the search warrant was based must be examined to see if "a man of reasonable caution" would believe that narcotics were present on the Kaufman premises *at that time.*

The probable cause section of the search warrant refers to three investigations conducted over an eight month period: one in April by the police officer and the police undercover agent; the second from April to December by the police officer himself; and the third on December 8, the date of the issuance of the warrant.

The circumstances revealed by the April investigation were too remote to justify a belief in December that there were still narcotics on the Kaufman premises. "The facts submitted to the Commissioner must be sufficient to justify a conclusion by him that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued. The most convincing proof that the property was in the possession of the person or upon the premises at some remote time in the past will not justify a present invasion of privacy." *Durham v. United States*, 403 F. 2d 190, 193 (9th Cir. 1968).

In *Durham*, the Court concluded that a search warrant issued on the basis of information describing activities which ended more than seventeen weeks before the warrant was issued was without probable cause. In *Schoeneman v. United States*, 317 F. 2d 173 (D.C. Cir. 1963), the Court set aside a conviction resulting from evidence obtained pursuant to a search warrant issued on the basis of observations made 107 days before. The Court stated that "[i]n determining probable cause for the issuance of a search warrant, time alone, of course, is not controlling. *However, we cannot overlook the fact that the Government could cite, and we could find, no case which sustained a search warrant issued more than 30 days after finding of the evidence which constituted the basis for the search.*" Id. at 177 (emphasis added). See also *Sgro v. United States*, 287 U.S. 206, 53 S. Ct. 138 (1932); *Dandrea v. United States*, 7 F. 2d 861 (8th Cir. 1925).

Thus, if only the events of April had been presented to the justice of the peace, there would have been no probable cause on which to issue a search warrant in December. The Commonwealth does not dispute this position. Rather it argues that the events of April— eight months prior to the issuance of the search war-

rant—may be used to ". . . give meaning and perspective to circumstances occurring immediately prior to the issuance of the search warrant, if connection and continuity . . . is shown." To show this "connection and continuity," the Commonwealth relies on the second and third investigations.

It is clear that the second investigation did not by itself indicate either the continuation of the April activity or the presence of narcotics at the Kaufman premises in December. All the officer observed after April were cars with out-of-state license plates and persons "of the hippie type" at the Kaufman premises. Even though such events may be "very unusual to Susquehanna County", surely this alone would not "excite an honest belief in a reasonable mind"[2] that illegal activity was occurring.

Furthermore, the events of December 8, by themselves, would not support a finding that probable cause existed at that time. As has been described above, on that day, individuals from a caravan of vehicles with out-of-state license plates inquired as to the location of appellant's premises. The people in the caravan, according to the officer, were of the "hippie type", with long hair and unusual clothes. This description is irrelevant to the establishment of facts to support the presence of probable cause.[3] A person's appearance can cast no more than the vaguest suspicion in the mind of a reasonable man that the person is in the possession of narcotics. Mere suspicion is not sufficient to constitute probable cause for the issuance of a search warrant. *Nathanson v. United States*, 290 U.S. 41, 54

---

[2] *Commonwealth v. Crawley*, 209 Pa. Superior Ct. 70, 78, 223 A. 2d 885, 890 (1966), citing *Commonwealth v. Griffin*, 200 Pa. Superior Ct. 34, 39, 186 A. 2d 656, 658 (1962).

[3] Cf. *Hughes v. Rizzo*, 282 F. Supp. 881 (E.D. Pa. 1968) (FULLAM, J.).

S. Ct. 11 (1933); *Commonwealth v. Smyser,* 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965).

Also, suspicion based on the fact that a man has been *accused* of another, similar crime is entitled to no weight in determining whether probable cause exists. In *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584 (1969), the Court stated that ". . . the allegation that Spinelli was 'known' to the affiant and to other federal and local enforcement officers as a gambler and an associate of gamblers is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision [as to whether there was probable cause to issue a search warrant]." 393 U.S. at 414, 89 S. Ct. at 588. Thus the fact that appellant, on bail on a narcotics charge pending in New York, was reported to be at the Kaufman premises lends no weight to the argument that probable cause existed on December 8.

Finally, the officer reported that local residents had complained that the persons at the Kaufman premises appeared "unique and unusual" and that one informant advised that he suspected there were narcotics on the premises. For testimony of an informant to be the basis of a search warrant, facts must be presented which indicate the informer's credibility. Also, evidence of "the underlying circumstances" on which the informer based his conclusions must be submitted to the justice of the peace, in order to ascertain whether he obtained his information reliably. *Spinelli v. United States,* supra; *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509 (1964). Here there appears to have been nothing but unsubstantiated rumors from neighbors of the Kaufman premises. This carries no weight in a determination of whether probable cause exists.

Thus, I do not think that there was probable cause for the issuance of the search warrant on December 8.

170

If there was no probable cause for the issuance of such a search warrant, the evidence seized pursuant to that warrant is inadmissible. *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961); *Commonwealth v. Newman,* 429 Pa. 441, 240 A. 2d 795 (1968); *Commonwealth v. Smyser, supra.* I would suppress the evidence obtained through the use of the unlawful warrant, reverse the judgment and grant a new trial.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.