428 A.2d 643

**COMMONWEALTH of Pennsylvania,**

v.

**Kenneth BABLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 16, 1981.

Petition for Allowance of Appeal Denied July 20, 1981.

David Metinko, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This is a direct appeal from judgment of sentence imposed by a judge, sitting without a jury, for Receiving Stolen Property,[1] Fraudulent Use or Removal of a Registration

1.  18 Pa.C.S.A. Sec. 3925.

Plate from a Vehicle,[2] Unauthorized Use of Registration Plates,[3] Operating a Vehicle With an Expired License Plate,[4] and Operating a Vehicle Without a Driver's License.[5] Post-Trial motions were denied and appellant, Kenneth Bable, was sentenced to a term of not less than one and a half (1½) or more than three (3) years imprisonment.

Appellant contends that the trial court erred (1) by failing to suppress certain evidence based on an absence of probable cause to support the issuance of a warrant to search appellant's car, and (2) by failing also to find that probable cause did not exist to arrest appellant after he had been stopped for a traffic violation. We find no merit in appellant's contentions and affirm the sentence of the trial court.

The essential facts involved in this case are as follows:

On April 16, 1978, appellant was stopped for driving a vehicle with an expired license plate. Appellant was unable to produce a driver's license, registration card, or no-fault insurance card. The officer who had stopped appellant, recognized him as being a convicted burglar, noticed that he seemed quite nervous, and saw three radios, two knives and two screwdrivers lying on the floor of the car. A routine check of the license plate indicated ownership by a person other than appellant. This fact led to a check of the serial number of the vehicle, which produced a name other than either that of appellant or that of the owner of the license plate. A check was then run on appellant himself, who had said that his "cards" were at home. Information was received indicating that appellant was not licensed to drive and that he was wanted in Pittsburgh for a parole violation. Appellant was arrested and the car impounded. The arresting officer went before a magistrate, recited the above facts, and obtained a warrant to search appellant's car, which in

2.  75 Pa.C.S.A. Sec. 7124.

3.  75 Pa.C.S.A. Sec. 1372.

4.  75 Pa.C.S.A. Sec. 1302.

5.  75 Pa.C.S.A. Sec. 1501.

turn led to the discovery of stolen property in the trunk of said vehicle.

■ The essence of appellant's claim is that the search warrant was improvidently granted on the basis that there did not exist sufficient probable cause to justify issuing the search warrant. In addition, appellant claims that his warrantless arrest was also invalid. While we do not agree with this latter contention, we need not reach this point on its merits. First, the evidence complained of on appeal was *not* the fruit of the arrest itself, but instead was the result of the allegedly defective search warrant. As the appellant himself contends, the search stands or falls on the validity of the search warrant. Second, it is well-settled that an illegal arrest is not a bar to (nor does it void) a subsequent prosecution and conviction. *Commonwealth v. Kazior,* 269 Pa.Super. 518, 521, 410 A.2d 822, 823 (1979). See also *Gerstein v. Pugh,* 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975) and *Commonwealth v. Krall,* 452 Pa. 215, 219, 304 A.2d 488, 490 (1973).

■ Turning to appellant's main contention, that probable cause did not exist for the search warrant in the instant case, we find no merit in appellant's supporting arguments. First, appellant argues that the circumstances surrounding the lack of papers justify summary citations only and not the raising of suspicion sufficient to infer probable cause. Common sense would dictate that such thorough complications are rare, and rarer still do they turn out to be the result of a completely innocent mistake; we agree with the appellee's contention that this factor alone was highly indicative of criminal behavior, such as auto theft or unauthorized use of a vehicle.

■ Second, appellant contends that it was illogical for the arresting officer to assume that a crime had taken place merely because appellant was known to him as a man with a record. The policeman did not assume, however, that a crime had been committed *solely* on the basis of appellant's

prior record. It is quite clear that the officer *was* permitted to take appellant's past criminal record into account as one factor in a determination of probable cause. See, e. g., *Commonwealth v. Gullett*, 459 Pa. 431, 329 A.2d 513, 517–518 (1974), based on *U. S. v. Harris*, 403 U.S. 573, 583, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971).

■ Appellant's third contention relates to the three radios observed on the floor of the back seat of the vehicle. Appellant asserts that the officer had no reason to believe that they were stolen, especially since the officer had not received any information concerning a robbery that day. This contention is completely without merit. Officers are not restricted to violations within their knowledge when obtaining search warrants. *Commonwealth v. Griffin*, 200 Pa.Super. 34, 38, 186 A.2d 656, 658 (1963). In addition, it has been held that even an innocuous brown bag can be the subject of a proper inference of probable cause when viewed in light of a prior record which is of such a nature as to raise suspicion. *Commonwealth v. Anderson*, 208 Pa.Super. 323, 326, 222 A.2d 495, 498 (1966).

In the instant action, the radios themselves may not have been suspicious, but their number, coupled with the officer's knowledge of appellant's prior record, was enough to raise a healthy suspicion on the part of the arresting officer. Add to this the presence of two knives and two screwdrivers, possible instruments of crime in the eyes of any seasoned policeman, and we begin to see how and why the officer became suspicious. The Fourth Amendment does not require a police officer to shrug his shoulders and allow a crime to go undetected or a criminal to escape. *Commonwealth v. Galadyna*, 248 Pa.Super. 226, 230, 375 A.2d 69, 71 (1977).

In addition to the suspicion raised regarding the tools and the radios and their possible connection to appellant's known record, we have the circumstances of the lack of any indicia

of ownership, as well as the report that appellant was apparently wanted by the Pittsburgh Police. Furthermore, in contradiction to appellant's claims regarding the fact that he did in fact have a license to drive (but that it was at home), we have the police report that appellant did not possess a license at all. Hence, the officer was justified in believing that appellant was lying, perhaps about everything and not just about his license. This explains why he sought stolen property *and* indicia of ownership through use of the search warrant.

■ The Supreme Court has reminded the courts to test and interpret affidavits in a "common sense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). In light of this approach, the appropriate test in Pennsylvania is to consider *all* the factors involved and their total affect. We do *not* concentrate, as appellant would have us do, on each individual element; we do, however, view the facts through the eyes of a trained police officer and not as an average citizen might. *Commonwealth v. Kazior*, 269 Pa.Super. 518, 524, 410 A.2d 822, 824–825 (1979).

Taking into consideration all the factors discussed above, it is clear that probable cause did in fact exist to support the search warrant at issue here, whether it be on stolen property grounds or for indicia of ownership of the vehicle. It is also clear that a search under a warrant is preferable to one without a warrant and is more readily sustained. As the Supreme Court has stated, ". . . . in a doubtful or marginal case, a search under a warrant may be sustainable where without one, it would fall" *United States v. Ventresca*, 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965); see also *Commonwealth v. Jefferson*, 271 Pa.Super. 199, 204, 412 A.2d 882, 885 (1979).

For the reasons stated above, the judgment of sentence is affirmed.