Dutton R. MILLER, Appellant,

v.

Maurice H. SIGLER, Warden, Appellee.

No. 17981.

United States Court of Appeals
Eighth Circuit.

Dec. 20, 1965.

---

Dutton R. Miller, filed typewritten brief.

Clarence A. H. Meyer, Atty. Gen., and C. C. Sheldon, Asst. Atty. Gen., for the State of Nebraska, Lincoln, Neb., filed typewritten response to brief of appellant.

Before MATTHES and GIBSON, Circuit Judges, and LARSON, District Judge.

GIBSON, Circuit Judge.

This is an appeal from the United States District Court, District of Nebraska in which Judge Van Pelt, after a full evidentiary hearing, denied petitioner a writ of habeas corpus. A certificate of probable cause was subsequently granted and petitioner now appeals the denial of the writ to this Court.

Petitioner is an inmate of the Nebraska State Penitentiary serving a sentence for violation of the state narcotics law. After a plea of not guilty, petitioner was tried before a jury and convicted. Introduced at the trial was a bottle containing vegetable substance identified as marijuana. Petitioner contends that the introduction of this evidence violated his rights under the Fourth Amendment prohibition against unreasonable search and seizure as applied to the states through the Fourteenth Amendment. Even though the search uncovering the incriminating evidence was conducted pursuant to a search warrant, petitioner claims the search warrant was not based upon probable cause as required by the Constitution and the application of its relevant provisions as set forth in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The facts of the case are not complicated. Petitioner was arrested by two officers, one Officer McAdams of the Omaha Police Department Vice Squad and the other, Federal Agent Cox of the Bureau of Narcotics. Prior to the arrest of petitioner, Officer McAdams went before a local magistrate requesting a search warrant. Officer McAdams, in support thereof, presented his own affidavit which stated, "Complaint and information have been received by said complainant of the possession and/or sale of narcotics from the above described property." The magistrate thereafter questioned Officer McAdams as to what was the basis for his belief. According to McAdams he informed the magistrate that he had received information from a reliable source and that he had made several trips to the described apartments and the odor of marijuana was readily apparent outside the door of petitioner's room. The warrant was then issued, the officers searched the room, found the bottle containing marijuana and arrested petitioner.

■ Petitioner's main claim is that the affidavit and the statement of Officer McAdams to the magistrate is not enough evidence to support a finding of probable cause to issue the search warrant. The District Court held that the affidavit in support of the application was insufficient on its face to support the warrant. There is no doubt that this holding is correct. Aguilar v. State of Texas, supra, condemned the issuance of a warrant on the basis of an affidavit more complete than the one herein. This mere recital by Officer McAdams that he had received information that narcotics were being possessed or sold on the described premises is surely not sufficient evidence to allow the magistrate to make the required independent determination of probable cause. Before a search warrant may issue two steps must be taken. The application must be supported by "Oath or affirmation, * * * describing the place to be searched, and the persons or things to be seized." Next, the Fourth Amendment requires a showing of "probable cause." Even though the affidavit of the officer is not constitutionally sufficient, in itself, to support a finding of probable cause, it nonetheless fills the requirements of a proper "Oath or affirmation" describing the place to be searched and the thing to be seized. In addition, it can be considered some evidence to support a finding of the necessary probable cause. Aguilar v. State of Texas, supra, however, demands something more than this bare affidavit. The "something more" was supplied by Officer McAdams in his statement to the magistrate that he personally observed the odor of marijuana outside of the described premises. We feel as did the trial court, that this information before the magistrate justified the issuance of the search warrant. When this information is coupled with the affidavit indicating that the officer has additional outside information, presumably from an informer, there can be no doubt but that sufficient probable cause exists to issue the warrant.

Petitioner points to the case of Johnson v. United States, 333 U.S. 10, 68 S. Ct. 367, 92 L.Ed. 436 (1948), but that case gives him little support. Federal officers with information from an in-

formant went to a hotel. From the hall they could smell opium. Without a warrant they entered the room. The Court held that there was not sufficient probable cause to arrest, but stated at page 13, 68 S.Ct. at p. 368, "At the time entry was demanded the officers were possessed of evidence which a magistrate might have found to be probable cause for issuing a search warrant."

█ It is clear from this pronouncement that "probable cause" which would justify the issuance of a search warrant is much less than the "probable cause" required to legally arrest without a warrant. See Aguilar v. State of Texas, supra. Furthermore, this case is a clear indication from the Supreme Court that observation of the odor of recognizable narcotics by police officers is evidence which would fully justify the magistrate in issuing a search warrant. In the words of the Court, "Indeed it might very well be found to be evidence of most persuasive character." To hold otherwise would be to ignore realities, place a protective cloak around obvious narcotic offenders, and further hamper enforcement officials in protecting society by limiting effective police operation.

█ Petitioner complains there was no showing before the magistrate that Officer McAdams was competent to identify the odor of marijuana. This contention is likewise without merit. If the officer presented hearsay evidence to the effect that someone else had smelled marijuana, perhaps some indication of this person's competence might be required by the magistrate. But when the police officer states that he personally witnessed the odor of narcotics, the magistrate should not be required to examine the officer's competency. Probable cause is not absolute certainty. The magistrate was no doubt aware that metropolitan police officers are usually familiar with narcotics, and that marijuana has an odor that is not commonly found in an urban apartment. Therefore, when an officer personally states that he detected the odor of marijuana from a particular room in an apartment dwelling, certainly

this is sufficient probable cause to issue the requested warrant for a search of the room without initiating an examination of the officer's ability to accurately distinguish between narcotics and other similar odors. In addition if petitioner's suggestion were followed it would add still another obstacle to effective law enforcement and further hamstring the police in their legitimate efforts to combat crime. We hold that there was a substantial basis for the magistrate to conclude that there were probably contraband narcotics in petitioner's room. The search verified the conclusion. Even though the cases hold that the fruits of an otherwise illegal search cannot be used to give it legality, still the discovery of the contraband does not on the contrary indicate lack of probable cause. In the present case there was direct evidence concerning the odors and hearsay evidence from informers. Hearsay alone may be the basis for a warrant if there is sufficient reason to believe the hearsay to be reliable. As observed in Jones v. United States, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960):

"* * * [A]s hearsay alone does not render an affidavit insufficient, the Commissioner need not have required the informants or their affidavits to be produced, * * * so long as there was a substantial basis for crediting the hearsay."

Surely, even hearsay of unproven reliability (the magistrate did not make sufficient inquiry into the reliability) when coupled with this substantial direct testimony could well serve as a basis for probable cause.

█ Petitioner also objects to being denied the right to confront the informant whose information served as the basis for McAdams' affidavit. It is well recognized that a criminal defendant has no absolute right to confront police informants who do not testify against him. There is a governmental privilege to withhold the identity of persons who furnish information to the police. This privilege is designed to safeguard this important source of information and to

provide a measure of protection to the informant. Even though this privilege exists it must give way when the informer's identity is relevant or helpful to the defendant, or is essential to a fair determination of the cause. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The determination of whether an informant's identity is necessary for defendant to receive a fair hearing is a determination that must be made on a case-by-case basis, and calls for a balancing of the public interest in protecting the flow of information against the individual's right to prepare his case. Roviaro v. United States, supra. After weighing the factors the trial court concluded the balance tipped in favor of the government and declared that there was no need to force disclosure of the informant. We think this determination was correct.

Apparently petitioner did not request the informant's identity at the original trial. The sufficiency of the warrant was not even challenged at this point. In the proceedings below, where the warrant was first challenged, it does not appear that the informant's identity was of serious importance. The trial court found that the affidavit on which the informant's information was based was insufficient to serve as probable cause. Thereafter, the spotlight turned to Officer McAdams' testimony concerning his observation of the marijuana odor. Therefore, the information imparted by the informer would at most be of secondary importance in the court's determination of probable cause. Furthermore, because of this governmental privilege it rests upon the petitioner to demonstrate why this privilege should not be observed in his case. Yet petitioner made no indication of how the identity of this informer would be relevant or helpful in the presentation of his case. Likewise we can discover no positive reason for denying the government its privilege. We believe, therefore, the District Court was manifestly correct in allowing the government to maintain (in confidence) its informer's identity.

Petitioner also asserts that he was not shown the warrant. The trial court found that the warrant was read to petitioner. This factual finding is fully supported by the record in which we find, from the testimony of Officer McAdams, that the warrant was displayed and read to the petitioner, and petitioner admits that search warrant was shown and read to him.[1]

Finally, petitioner objects to not being personally named in the warrant. This issue, however, does not appear ripe for review. It was not presented below in the petition and no reference was made to the point during the hearing. Therefore, this Court is not in a position to be able to make a substantive finding on the merits. It might be well taken by the parties, however, if the Court were to make one observation. The warrant appears to describe with particularity the place to be searched and the things to be seized. This would seem to satisfy the constitutional requirements in this case, for the Fourth Amendment does not require the warrant to name the person who occupies the described premises.

The conclusions of law by the District Court are without error, and its findings of fact are fully supported by the record.

Judgment affirmed.

---

1. The Record, page 10 reads as follows:
"Q. Did they show you the search warrant, Mr. Muller [Miller]?
"A. Yes, sir; and it was read to me.

"Q. Did you examine it?
"A. Not particularly. It was read to me. I didn't get a chance to examine it."