Commonwealth *v.* Crawley, Appellant.

Argued September 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Leonard Packel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Michael M. Baylson,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 17, 1966:

Appellant was found guilty of burglary by the Honorable JAMES T. MCDERMOTT, sitting without a jury, in Philadelphia County. He appeals from the judgment of sentence.

## I.

Appellant's first argument is that the Commonwealth should have been compelled to produce or identify a police informant, who supplied information for a search warrant. This argument requires little discussion in light of our most recent decision on the subject. *Commonwealth v. Carter,* 208 Pa. Superior Ct. 245, 222 A. 2d 475 (1966). In that case, a majority of our court held that the Commonwealth was not required to produce or disclose the identity of an informer who allegedly was a *participant* in the crime of which Carter was convicted.[1]

In the present case the informant was not a participant in Crawley's activities, there was no problem as to identity and no issue of entrapment. Crawley was found in possession of the recently stolen goods (kitchenware, whiskey, money and a pistol). The fact

---

[1] The two dissenters, while "agree(ing) with the majority that the public interest would be served by preserving the anonymity of an informant who simply points to the suspected illegal activities of another", were of the opinion that "When, however, the informant's role embraces observation of, and actual participation in, the particular acts of which the defendant stands accused, he becomes a material witness on the issue of guilt." *Commonwealth v. Carter,* supra, at p. 254.

that an informer saw Crawley transport the goods to the premises where they were eventually found and supplied this information to the police, which led to the obtaining of a search warrant for the premises, does not give Crawley the right to confront this informer. To so hold would be to discourage citizens from revealing any knowledge of commission of crimes, thereby unnecessarily weakening efforts at effective law enforcement. See *Rugendorf v. United States*, 376 U.S. 528, 84 S. Ct. 825, 11 L. ed. 2d 887 (1964). We find no error in the failure to reveal the identity of the informer or to produce the informer at trial, which proceeded on the theory of possession of recently stolen goods. *Commonwealth v. Garnett*, 204 Pa. Superior Ct. 113, 203 A. 2d 328 (1964).

## II.

Appellant's second argument is that the lower court erred in not suppressing evidence which he claims was obtained by the use of an illegal search warrant.

By waiting until the trial to object, appellant, represented by counsel, did not comply with Rule 2001(b) of the new Pennsylvania Rules of Criminal Procedure.[2]

---

[2] Rule 2001 entitled "Application for Relief from Illegal Search and Seizure" (19 P.S.) provides in part (b): "An application for relief under this Rule shall be made not later than five days before the trial. An application may be made, in the prosecution county only, at any time until the evidence is offered at the trial if opportunity therefor did not previously exist, or if the defendant was aware of the ground for the application, or if a prior application for relief has been made in the seizure county but has not been finally determined, or the interests of justice require it." Appellant did not make a motion to suppress prior to trial although six and one-half months intervened between his original arrest and the time of trial, and, in fact, waited until the close of the Commonwealth's case to make his objection. Nor did he offer any reason for the delay.

If appellant had raised the objection at a proper time, there could have been a hearing on the motion and a more complete record. But since Judge McDermott chose to deny the motion on its merits at trial,[3] we will treat it as properly raised and decide this appeal on the merits.

The search warrant was obtained by Detective Shirley. The trial testimony indicated that the affidavit read as follows: "Acting on reliable information received . . . (I, Shirley) do believe that the above described person, one colored man, approximately five foot eleven, medium thin build, is responsible for a burglary at 2501 North 6th St. and that the above described whiskey and monies that were taken are to be found in his resident. Address is 2502 North 6th Street. . . ."

This affidavit, standing alone, lacks sufficient supporting factual averments to allow the magistrate to make an independent finding of probable cause as required by our decisions in *Commonwealth v. Smyser*, 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965); *Commonwealth v. Patti*, 205 Pa. Superior Ct. 379, 209 A. 2d 17 (1965); and *Commonwealth v. Alvarez*, 208 Pa. Superior Ct. 371, 222 A. 2d 406 (1966). But, as was brought out in the cross-examination of Detective Shirley at trial, other facts were presented orally to the magistrate by Shirley at the time he made his affidavit. Shirley

---

[3] It appears that Judge McDermott would have acted within his authority had he denied the motion on the ground appellant had not complied with Rule 2001, although it was in his discretion to entertain the motion. In like situations, where no mitigating circumstances are offered, Federal Courts under Rule 41(e) of the Federal Rules of Criminal Procedure, which is substantially similar to our Rule 2001, have held the trial judge did not abuse his discretion in denying the motion on procedural grounds. *Garcia v. United States*, 315 F. 2d 133 (5th Cir. 1963); *United States, v. Watts*, 319 F. 2d 659 (2d Cir. 1963); *United States v. Romero*, 249 F. 2d 371 (2d Cir. 1957). Cf. *Birdsell v. United States*, 346 F. 2d 775 (5th Cir. 1965).

testified that the magistrate was told the "whole story". He said he told the magistrate: "That an informant approached the two officers who had taken a report of the burglary, told them that she had witnessed the burglary and wanted to remain anonymous because of her position in the neighborhood, and that this fellow was a colored man about five foot eleven, thin built, and that he took the items that he pushed out of a cellar door at 2502 North 6th Street and entered these premises."

The question here is whether all the facts establishing probable cause must be reduced to writing, or whether Shirley's oral statements to the magistrate may be considered in determining the sufficiency of the facts before the magistrate to justify his finding of probable cause.

As was set forth by President Judge ERVIN in *Commonwealth v. Smyser,* supra at 602, the standard for obtaining a search warrant is the same under the Fourth and Fourteenth Amendments, thus constitutional requirements under the Fourth Amendment apply to the states.

But this does not mean that federal rules promulgated under that amendment are binding on the states, since the states may establish their own procedural rules so long as they do not violate the "constitutional proscription of unreasonable searches. . . ." *Ker v. California,* 374 U.S. 23, 34, 83 S. Ct. 1623, 10 L. ed. 2d 726, 738 (1963). See *Beck v. Ohio,* 379 U.S. 89, 85 S. Ct. 223, 13 L. ed. 2d 142 (1964); *Commonwealth v. Smyser,* supra. Thus cases such as *United States v. Birrell,* 242 F. Supp. 191 (S.D.N.Y. 1965), and *Tripodi v. Morganthau,* 213 F. Supp. 735 (S.D.N.Y. 1962), which construe Rule 41(c) of the Federal Rules of Criminal Procedure as requiring the warrant to stand or fall on the facts reduced to writing in the warrant or affidavit, are not binding on us since they rest on

an interpretation of a federal rule of procedure and not on an interpretation of the Fourth Amendment.[4]

Nor do we believe the Fourth Amendment itself prohibits the use of sworn oral testimony to demonstrate facts relied on by the magistrate in issuing the warrant.[5] In *Sparks v. United States,* 90 F. 2d 61 (6th Cir. 1937), the court interpreted "Oath or Affirmation" under the Fourth Amendment to include sworn oral as well as written testimony. In *Aguilar v. Texas,* 378 U.S. 108, 112, 84 S. Ct. 1509, 12 L. ed. 2d 723, 727 (1964), the Supreme Court quoted with approval from *Nathanson v. United States,* 290 U.S. 41, 46, 54 S. Ct. 11, 78 L. ed. 159 (1933): "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from *facts or circumstances* presented to him under oath or affirmation." The Court does not say that the Fourth Amendment requires that the sworn facts be reduced to writing, but only that they be presented under oath or affirmation.

In Pennsylvania when a warrant is under attack on the ground there were insufficient facts to support a finding of probable cause the rule has been that sworn facts told to the magistrate at the time the warrant was issued are admissible to support the finding of

---

[4] Similarly, e.g., the rule of *Mallory v. United States,* 354 U.S. 449, 77 S. Ct. 1356, 1 L. ed. 2d 1479 (1957), requiring that a person under arrest be taken before a committing magistrate without unnecessary delay and excluding any confession given during any period of unnecessary delay, is not binding on the states, since the rule rests on an interpretation of Rule 5(a) of the Federal Rules of Criminal Procedure.

[5] The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

probable cause. *Commonwealth v. Griffin,* 200 Pa. Superior Ct. 34, 186 A. 2d 656 (1962); *Commonwealth v. Loesel,* 155 Pa. Superior Ct. 461, 38 A. 2d 523 (1944).[6]

Having decided that this rule does not conflict with the Fourth Amendment to the United States Constitution, we must decide whether it is in conflict with the Pennsylvania Constitution. We do not believe that there is a conflict. Article I, §8 of the Pennsylvania Constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Nothing in the clause requires that all facts to support a finding of probable cause be reduced to writing. The words "subscribed to by the affiant", added to the original clause by the Constitution of 1874, modify the words "oath or affirmation" and not "probable cause", thus implying that the oath or affirmation must be in written form. The purpose of the added phrase, according to one historian, was to "more certainly identify the person responsible for the prosecution." White, Constitution of Pennsylvania, p. 158 (1907). The reports of the debates of the Constitutional Convention of 1872-73 show that the phrase was added not to require all facts to be in writing, but so that the accusations and the accuser's name would be in writing. In reporting the amendment, the chairman of the Committee on the Declaration of Rights said: "That was done

---

[6] New Jersey and New York are apparently of the same view as to the admissibility of sworn oral testimony. See *State v. Macri,* 39 N.J. 250, 188 A. 2d 389 (1963); *People v. Carminati,* 236 N.Y.S. 2d 921 (1962). See also *State v. Titus,* 107 N.H. 215, 220 A. 2d 154 (1966); *Miller v. Sigler,* 353 F. 2d 424 (8th Cir. 1965).

in consequence of information we had that it was a practice in Philadelphia amongst aldermen and committing magistrates to receive verbal information against persons accused of crime and make no record of them, and therefore we require warrants to be supported by oath or affirmation subscribed to by the affiant, to put a stop to that practice." 4 Deb. Const. Conv. Pa. 646 (1873). Later in the debates the chairman reiterated that the amendment was added to combat the practice in Philadelphia where the charges were not reduced to writing, and even when they were, no signature was required of the complaining witness. 4 Deb. Const. Conv. Pa. 733.

Here the warrant and affidavit contained the signed "oath or affirmation" of Shirley, the crime alleged and some facts. We also note that Shirley's testimony as to additional facts related to the magistrate at the time the warrant was issued stands uncontradicted in the record.

Satisfied that Officer Shirley's testimony under cross-examination was properly considered, we now must decide whether the lower court correctly determined that there was a sufficient showing of probable cause to issue the warrant. "Probable cause requires proof of facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within knowledge of the magistrate, that the charge made by the applicant for the warrant is true." *Commonwealth v. Griffin,* supra, at p. 39. Aware that the informer was never disclosed, that the informer's information was hearsay and that there was no indication of any past reliance on this informer by the police, we conclude that the magistrate could properly "judge for himself the persuasiveness of the facts relied on . . . to show probable cause", as required in *Aguilar v. Texas,* supra, at p. 114, and could properly find such probable cause. An affidavit may

be based on hearsay information and need not reflect the personal observations of the affiant. *Jones v. United States,* 362 U.S. 257, 80 S. Ct. 725, 4 L. ed. 2d 697 (1960). Nor must the identity of the informer be disclosed. *Aguilar v. Texas,* supra.

This magistrate was told that a neighbor who saw appellant move the stolen goods out of the tavern and into his premises informed the police of this fact. Such information volunteered to the police by an eyewitness makes a strong case for its credibility; it suffices to support a finding of probable cause in the mind of a neutral and detached magistrate.

Judgment of sentence affirmed.