# Commonwealth v. McCloskey

*A. Thomas Wilson,* for Commonwealth.
*James F. McClure, Jr.,* for defendant.

KALP, P. J., November 22, 1968.—This matter is before the court on defendant's motion to suppress evidence on the ground that it was obtained as result of improper search and seizure.

The only substantial question is whether Dale M. Richart, the Justice of the Peace who issued the search warrant, had sufficient facts before him to make an independent finding of probable cause.

Roy Wilson McCloskey, defendant, was arrested on October 11, 1967, by Pennsylvania State Police Trooper Adam F. Miller, now deceased, on a charge of possessing narcotics, a felony under section 20 of the Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, as amended, 35 PS §780-20. The arrest was made after defendant's room No. 373 at Swartz Hall, a men's dormitory at Bucknell University, Lewisburg, Union County, Pa., had been searched by Officer Miller and Robert Garrettson, a narcotics agent of the Pennsylvania Department of Health. The officers found approximately three-quarters of a pound of marijuana in defendant's room. The search was made pursuant to a search warrant issued by Dale M. Richart, a Justice of the Peace, now deceased. The search warrant was obtained on the following affidavit:

"Information for Search Warrant

"COMMONWEALTH OF PENNSYLVANIA)
"COUNTY OF UNION                            ) ss.

"Before me, a Justice of the Peace, in and for said County and State, personally appeared Robert Garrettson, of Pa. Dept. of Health, County and State aforesaid, who being duly qualified, according to law, deposes and says that on or about the 6th day of Oct., 1967, the following goods and chattels, to wit: A quantity of marihuana were by some person or persons, sent or mailed to one Roy McClouskey, a College student (Bucknell) residing at Room No. 373 Swartz Hall, Bucknell U. Lewisburg, Pa. and that the said goods and chattels, as the complainant has just and reasonable cause to suspect and believe, and does suspect

and believe, are concealed in the Room of one Roy W. McClouskey at Bucknell U. County of Union and State of Pennsylvania.

"All this contrary to the Form of the Act of Assembly in such case made and provided, and against the Peace and Dignity of the Commonwealth of Pennsylvania, and further saith not.

"*Robert Garrettson* (s)
"Deponent

"Sworn to and subscribed before me this 11 day of Oct., 1967

"*Dale M. Richart* (Seal) (s)
"Justice of the Peace

"My Commission expires the First Monday of January, 1972"

This affidavit, standing alone, may lack sufficient supporting factual averments to have allowed the Justice of the Peace to make an independent finding of probable cause as required under the law of Pennsylvania. However, at a hearing held in connection with the motion to suppress, Robert Garrettson, a narcotics agent for the Department of Health of the Commonwealth of Pennsylvania, testified:

"I told Squire Reichard that our agent had arrested a Phillip Capobianco. As a result of this arrest, Mr. Capobianco told our agent in Philadelphia that he had mailed five pounds of marihuana to Mr. McClosky on October the 6th, 1967, and he had also mailed five pounds to another individual at another university.

"I told the Squire that I had reason to believe that there may be marihuana and other dangerous drugs, or other paraphernalia, or the same in Mr. McClosky's room or in his possession.

"Q. Did the Squire question you any further about it?

"A. He asked me how I obtained the information; how it was obtained, and I told him".

This testimony was admissible under Commonwealth v. Crawley, 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966), which was affirmed by the Supreme Court of Pennsylvania in a per curiam order on November 12, 1968.

After carefully considering the affidavit and testimony of Mr. Garrettson, the court is of the opinion that it is sufficient to support a finding of probable cause in the mind of a neutral and detached justice of the peace.

In Commonwealth v. Evans, 210 Pa. Superior Ct. 454, 233 A. 2d 585, (1967), Judge Watkins declared:

". . . No two cases are the same. It is significant also that the Court, in the Ametrane case, emphasizes the necessity of a common-sense approach in these matters. The Court states and quotes from the U.S. Supreme Court, at page 572 (210 A. 2d at page 904), as follows: 'If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting, United States v. Ventresca, 380 U.S. 102 (85 S. Ct. 741, 13 L.Ed.2d 684)'".

As to the other questions raised by defendant's counsel, the court is of the opinion that (1) The warrant described with sufficient particularity the place to be searched; and (2) That the search warrant was not invalid because it was directed to an agent of the Pennsylvania Department of Health. This department is

authorized by the Legislature to enforce the act in question, is specifically given authority to employ agents who may make arrests without warrant, and certainly there is implied authority to obtain search warrants and to execute them.

### ORDER

And now, November 22, 1968, it is ordered that defendant's motion to suppress evidence be, and hereby is, dismissed.