## Commonwealth v. Luczakowsky

*Bernard J. McNulty, Jr., Assistant District Attorney*, for Commonwealth.
*Francis Recchuiti,* for defendant.

HONEYMAN, *J.*, August 21, 1974—Defendant, Andrew Luczakowsky, was arrested on March 12, 1973, by an agent of the Bureau of Drug and Narcotic Control of the Pennsylvania Department of Justice at the corner of Star Avenue and Old York Road in Cheltenham Township, Montgomery County, Pa. At the time of his arrest, defendant's automobile was being operated by defendant and was stopped by the agent, who ordered defendant to remove himself from the automobile so that the agent could execute a search warrant for the automobile. The search revealed one sealed plastic jar containing about 1000 capsules labeled Sodium Secolianital and another sealed plastic jar contain-

ing about 1000 capsules labeled Phendimetrazinl Tartrate tablets. In addition, the search revealed a loaded handgun. As a result, defendant was charged with violation of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 165 (no. 64), 35 PS §§780-101, et seq., and violation of the Pennsylvania Uniform Firearms Act of December 6, 1972, P.L. 1068 (no. 334), 18 C.P.S.A., §§6101, et seq., and carrying a concealed deadly weapon. A suppression hearing was held on April 18, 1974, at the conclusion of which we ordered suppression of the handgun and the tablets. The Commonwealth appealed from this ruling thus necessitating this opinion.

In his application for relief from illegal search and seizure, defendant's chief contention was that the information upon which the search warrant for his automobile was based was not sufficient in quality or quantity to permit the issuing authority to have probable cause to issue the warrant.

The affidavit in this case contains the following information:

"I, the affiant, was told by a reliable informant, said informant has provided information in the past which led to three arrests and two convictions for narcotics, that the above named subject would be in possession of a quantity of Amphetamine and Barbituric acid tablets this date and that the said drugs would be concealed in the above described vehicle. The informant, in addition, saw a quantity of pink tables [sic] in the possession of Andrew Luczakowsky within the last two weeks and was told that the pink tables [sic] observed were amphetamine tables [sic]. This was told to the informant by Andrew Luczakowsky who at the time produced the tables [sic] from the said Vehicle."

The events herein preceded the effective date of Pa. R. Crim. P. 2003, limiting the finding as to probable cause on the part of the issuing authority to the four corners of the complaint for the search warrant. Therefore the district justice of the peace could properly consider other sworn testimony presented by the affiant. In this case, the State narcotics agent informed the district justice as to the specifics of the previous cases in which the confidential informant had proven reliable.

The court is satisfied that the affidavit, coupled with this additional information, was ample basis for a finding of probable cause to support the issuance of the search warrant. See Commonwealth v. Milliken, 450 Pa. 310 (1973).

What caused the problem giving rise to this appeal from the suppression ruling of this court was the demand, on cross-examination by defense counsel, for a revelation of the cases in which the confidential informant had proven reliable in the past. The trial judge, at time of hearing, was of the opinion that the appellate courts required this. The agent declined to disclose this information, because, he stated, this would be tantamount to a disclosure of the identity of the informant and that this might well expose the informant to danger. The assistant district attorney stated he would prefer to lose the case rather than have that develop, and so the suppression order was entered, followed by this appeal.

We now conclude we were in error. The holding of Aguilar v. Texas, 378 U.S. 108 (1964), has not gone so far as to compel disclosure of the identity of a confidential informant, nor to require the delineation of information that would lead a person knowledgeable in the particular area of criminality in-

volved to pinpoint the informant. See Common-wealth v. Crawley, 209 Pa. Superior Ct. 70 (1966), aff'd per cur., 432 Pa. 627 (1968).

By reason of the appeal to the Superior Court, the cause has been effectively removed from this court. Therefore, we are precluded from rectifying what we now regard as an erroneous ruling. Provided the Superior Court agrees that we were in error, the district attorney is admonished to make certain defendant is afforded a prompt trial upon the return of the case to this court's jurisdiction.