411 A.2d 1195

COMMONWEALTH of Pennsylvania

v.

Clinton GEARY, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1979.

Decided Feb. 1, 1980.

Rehearing Denied March 19, 1980.

Michael J. Minney, Samuel M. Mecum, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Clinton Geary, was convicted by a jury in the Court of Common Pleas of Lancaster County of two counts

of forgery. Post-verdict motions were denied and appellant was sentenced to pay a fine of $100 and three to twelve months' imprisonment. The Superior Court affirmed in a per curiam order. *Commonwealth v. Geary*, 246 Pa.Super. 633, 372 A.2d 835 (1977). We granted appellant's petition for allowance of appeal, and this appeal followed.

The facts are as follows: On May 2, 1975, appellant was stopped in the City of Philadelphia for a minor traffic violation and upon producing what appeared to be an invalid driver's license, he was taken to the police station. There, a computer check was run on appellant, which showed two outstanding warrants for his arrest on charges of forgery. The warrants concerned a check-cashing incident which occurred in Lancaster County in September of 1974 and were based upon information—both oral and recorded—supplied by Detective David Parsons of the Lancaster police. Appellant was immediately placed under arrest and while awaiting transportation to Lancaster, he was photographed. Later, after his return to Lancaster, appellant was fingerprinted and a handwriting sample was taken.

Following denial of appellant's pretrial motion to suppress evidence, he was convicted of two counts of forgery. Post-verdict motions were denied and sentence was imposed. Following a per curiam affirmance by the Superior Court, this appeal followed.

In our order granting appellant's petition for allowance of appeal, we stated:

"AND NOW, August 2, 1977, the within petition is granted but limited, however, to the second question presented for review, viz., the validity of the arrest warrant and subsequent arrest and the fruits thereof in light of there being no contemporaneous written statement of facts indicating probable cause for arrest."

Appellant thus alleges the trial court erred in denying his motion to suppress evidence, arguing his arrest was unlawful, since it was based upon arrest warrants issued by a district justice in the absence of a contemporaneous written statement indicating probable cause for arrest. We do not

believe, however, that suppression was required under the circumstances of this case, as we find the warrants in question were lawfully issued.

The application for the arrest warrant contained the following information:

"The Actor did on or about the above time and date, with the intent to defraud, and with knowledge that he was facilitating a fraud, make, issue, utter, check number # 32054, from Dorwart Sign Co., Lancaster, Pa. drawn on the National Central Bank, Lancaster, Pa. and dated 27 Sept. 1974, payable to Clinton Geary, in the amount of $174.33, to an employee of the National Central Bank, at Park City, Lancaster, Pa.

"Prosecution is brought on information received which this officer believes true and correct." [1]

The affiant, Detective David Parsons of the Lancaster Police Department testified at the suppression hearing that he also informed the magistrate that the person who cashed the checks used appellant's driver's license as identification, the operator's number having been noted on the back of one of the checks. Based upon this information, the magistrate issued two warrants for appellant's arrest.[2] However, because this additional information was neither contained in the affidavit nor recorded at the magistrate's hearing, appellant argues the arrest warrants were unlawful. We do not agree.

■ Appellant argues that since Pa.R.Crim.P. 2003(b) [3] requires that all information used to supply probable cause

1. The application for the second arrest warrant contained substantially the same information.

2. Although the issue concerning the sufficiency of evidence to supply probable cause is not before us, we note that, based upon all information supplied to the magistrate, the warrants were issued upon probable cause.

3. "At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a)." Pa.R.Crim.P. 2003(b).

for a search warrant must be in the affidavit, a similar requirement should also be applicable with arrest warrants. Rules 132 to 134 of our Rules of Criminal Procedure, dealing with arrest warrants, however, contain no such provision. In *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973), this court expressed its dissatisfaction with prior procedure concerning search warrants. Under our supervisory powers, we eventually promulgated Pa.R.Crim.P. 2003(b). As we stated, however:

"Despite the obvious desirability of having all the information before the magistrate in writing, we are not persuaded that the affiant's sworn oral testimony may not supplement his written affidavit and together supply the constitutional basis for the issuance of a search warrant. Appellant has been unable to cite any authority in support of his position and indeed the existing case law is to the contrary. See, e. g., *Boyer v. Arizona*, 455 F.2d 804 (9th Cir. 1972); *Miller v. Sigler*, 353 F.2d 424 (8th Cir. 1965); *Sparks v. United States*, 90 F.2d 61 (6th Cir. 1937); *Commonwealth v. Crawley*, 209 Pa.Super. 70, 223 A.2d 885 (1966), aff'd, 432 Pa. 627, 247 A.2d 226 (1968). In the absence of any constitutional or decisional authority or procedural rule making impermissible the procedure here employed, appellant's claim for relief on this asserted ground must be rejected." *Id.*, 450 Pa. at 314, 300 A.2d at 81.

■ As in *Milliken*, appellant here is unable to cite any authority for his position. Appellant argues that the Pennsylvania Constitution compels such a result,[4] since Art. I, § 8, states:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

4. This issue was not raised in *Commonwealth v. Milliken, supra.* See dissenting opinion of Mr. Justice Pomeroy, n. 2.

Appellant believes that the language "subscribed to by the affiant" modifies probable cause, thus requiring that all facts in support of probable cause be in writing. Responding to an identical argument, the Superior Court stated:

". . . Nothing in the clause requires that all facts to support a finding of probable cause be reduced to writing. The words 'subscribed to by the affiant', added to the original clause by the Constitution of 1874, modify the words 'oath or affirmation' and not 'probable cause', thus implying that the oath or affirmation must be in written form. The purpose of the added phrase, according to one historian, was to 'more certainly identify the person responsible for the prosecution.' White, The Constitution of Pennsylvania, p. 158 (1907). The reports of the debates of the Constitutional Convention of 1872–73 show that the phrase was added not to require all facts to be in writing, but so that the accusations and the accuser's name would be in writing. In reporting the amendment, the chairman of the Committee on the Declaration of Rights said: 'That was done in consequence of information we had that it was a practice in Philadelphia amongst aldermen and committing magistrates to receive verbal information against persons accused of crime and make no record of them, and therefore we require warrants to be supported by oath or affirmation subscribed to by the affiant, to put a stop to that practice.' 4 Deb.Const.Conv.Pa. 646 (1873). Later in the debates the chairman reiterated that the amendment was added to combat the practice in Philadelphia where the charges were not reduced to writing, and even when they were, no signature was required of the complaining witness. 4 Deb.Const.Conv.Pa. 733." *Commonwealth v. Crawley*, 209 Pa.Super. 70, 77, 223 A.2d 885, 889–890 (1966), *aff'd. per curiam*, 432 Pa. 627, 247 A.2d 226 (1968).

We believe the Superior Court's analysis to be persuasive and find appellant's argument concerning the Pennsylvania Constitution to be without merit. Appellant can cite no decisional authority in support of his position. Further and

as previously mentioned, the applicable Rules of Criminal Procedure do not require all evidence used to supply probable cause for arrest to be included in the affidavit.[5] Appellant's argument must thus be rejected.[6]

Judgment of sentence affirmed.

MANDERINO, J., did not participate in the decision of this case.

5.  The Rules of Criminal Procedure now provide:
    "(a) No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.
    "(b) At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavit provided for in paragraph (a)." Adopted April 26, 1979, effective as to arrest warrants issued on or after July 1, 1979.

6.  In no way do we intend to change the law as it now stands relating to the validity of warrantless arrests.