J-S44005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYLER KEHOE, | |
| Appellant | No. 1245 WDA 2013 |

Appeal from the Judgment of Sentence Entered May 1, 2013
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000095-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 13, 2014**

Appellant, Tyler Kehoe, appeals from the judgment of sentence of seven years' probation and $300 in fines, imposed after he was convicted of aggravated assault, simple assault, and recklessly endangering another person.  Appellant contends that he is entitled to a new trial based on prejudicial remarks by the judge during the course of his jury trial.  We affirm.

The trial court set forth the facts of this case as follows:

On August 23, 2011, at approximately 3:00 a.m., Officer Chad Lively of the Economy Borough police department was informed of an ambulance being dispatched to 210 Hoenig Road, Sewickley, Pennsylvania 15143 for a twenty-five (25) year-old male who was acting in an out-of-control manner.  He was informed by the dispatcher that one could hear the individual yelling in the background.  When he arrived at the scene at 3:06 a.m., [Appellant's] mother, Pamela Oriszko, met him in the driveway.  After [the officer] exited from his vehicle, he heard [Appellant] screaming, "F@#* you, I'll kill you," from the woods

on the hillside. Officer Lively then instructed [Appellant] that he was a police [officer] and that he was there to help. The officer then heard several gunshots coming from the area of [Appellant]. One of the gunshots traveled over the head area of the officer, and he heard it go through the tree branches above where he was standing. The officer immediately notified dispatch and asked for backup. After other police officers arrived, a dialogue was started with [Appellant] and after approximately thirty (30) minutes, [Appellant] exited the woods and turned himself in to Officer Lively. The officer noted that the entire incident took fifty (50) minutes from the time he arrived at the scene until [Appellant] turned himself in to the police. Officer Lively stated that [Appellant] was visibly intoxicated. The officer also noted that [Appellant] told the police officer that he was sorry and [that he] didn't mean to shoot at [the officer]. [Appellant] was then transported to the Beaver Medical Center for a mental health evaluation. Officer Lively further testified that the police had discovered that [Appellant] was the registered owner of a .380 caliber Mav, which is a semiautomatic handgun. He also stated that after [Appellant] was read his **Miranda**[1] warnings, [Appellant] stated that he didn't mean to shoot toward the officer or anyone else.

Trial Court Opinion (TCO), 9/25/13, at 3-4.

Based on these facts, the jury convicted Appellant of the above-stated offenses and the court imposed the aggregate sentence stated *supra*. Appellant filed a timely post-sentence motion, which the court denied on July 1, 2013. Appellant then filed a timely notice of appeal, as well as a timely court-ordered concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Herein, Appellant presents one issue for our review:

I. Whether the trial court's *sua sponte* interruption of Appellant's trial counsel's cross-examination of the only witness against him

---

[1] **Miranda v. Arizona**, 86 S.Ct. 1602 (1966).

effectively denied him a fair trial by bolstering the witness' credibility and impugning the tactics of defense counsel[?]

Appellant's Brief at 3.

Appellant maintains that he is entitled to a new trial based on irreparable prejudice he suffered when the trial judge made inappropriate comments during defense counsel's cross-examination of Officer Lively. The court's remarks occurred when defense counsel attempted to point out inconsistencies between the officer's testimony and the facts set forth by the officer in the Affidavit of Probable Cause and in his "narrative report." N.T. Trial at 121. The following portion of the transcript sets forth the context of the court's comments:

> [Defense Counsel]: All right. So, nevertheless, you generated, you authored two reports[, the narrative report and Affidavit of Probable Cause,] correct?
>
> [Officer Lively]: Correct.
>
> [Defense Counsel]: And a moment ago I believe [the prosecutor] said that not all of the facts and you agreed that not all of the facts make it into the reports?
>
> [Officer Lively]: Correct.
>
> [Defense Counsel]: Only the material facts is, I think, the word you used, material facts.
>
> [Officer Lively]: Well, your Affidavit of Probable Cause, we're putting in there enough to get an arrest warrant for the individual.
>
> [Defense Counsel]: Okay, and will you agree with me that important facts go into both of these reports?
>
> [Officer Lively]: Correct.
>
> [Defense Counsel]: And will you agree with me that –

The Court: [Defense counsel], your term is a little misleading. The Affidavit of Probable Cause requires sufficient facts for a Magistrate or Magisterial District Judge to issue a warrant. It's not all the facts. It's just sufficient facts.

[Defense Counsel]: Okay.

The Court: Many times policemen in doing their job do not place all the facts in purposefully because they don't want to let the defense know exactly what evidence they have.

Now, you may continue, but keep that in mind of what can and [cannot] happen because you're speculating about a lot of things here.

[Defense Counsel]: Okay. So, with that said, sufficient facts, forgive me.

N.T. Trial at 122-124 (unnecessary capitalization omitted).

After defense counsel posed several more questions to Officer Lively, the court took a short recess. When court reconvened, defense counsel had the following exchange with the court:

[Defense Counsel]: Your Honor, at this time, I'm moving for a mistrial based on the fact that when I was giving my cross-examination, this Honorable Court said something to the effect of me trying to mislead the jury, and as a result, I do feel as though that undermines my credibility with the jury. I can't remember exactly what was said. It kind of all caught me off guard.

The Court: Basically I said that the Affidavit of Probable Cause doesn't need to have all the important facts, just sufficient facts. Your use of "all facts" was misleading, and I'll stand by that. Your motion is denied.

*Id.* at 125.

On appeal, Appellant maintains that the court erred by denying his request for a mistrial because the judge's comments "erroneously lent [the judge's] influence to the jury's credibility calculations." Appellant's Brief at

- 4 -

20. Appellant primarily contends that the judge's comments impermissibly bolstered Officer Lively's credibility, which was a key issue at trial. He also avers that the court's remarks "denigrat[ed] defense counsel's standing in the courtroom[,]" and implied that counsel was "misleading the jury...." Appellant's Brief at 22. Appellant argues that the prejudice caused by the court's comments was clear, and because the court did nothing to cure that prejudice, such as issuing a cautionary jury instruction, Appellant was entitled to a mistrial.

Initially, we are compelled to conclude that Appellant has waived two of his arguments for our review. First, when defense counsel objected to the court's remarks, he only requested a mistrial; he did not ask the court to provide the jury with a cautionary instruction. Consequently, any challenge to the court's failure to provide such an instruction is waived. **Commonwealth v. Sanchez**, 82 A.3d 943, 971 (Pa. 2013) (finding the appellant's claims that the court erred by not granting a mistrial or providing a cautionary instruction were waived because "[n]either remedy was requested at trial") (citing **Commonwealth v. Johnson**, 42 A.3d 1017, 1026 (Pa. 2012) ("Insofar as appellant complains about the lack of a contemporaneous instruction, he waived this claim by failing to request a curative instruction.")).

Likewise, Appellant has also waived his argument that the trial judge's remarks improperly bolstered Officer Lively's credibility. Defense counsel objected to the court's remarks on the basis that they "undermine[d]

- 5 -

[defense counsel's] credibility with the jury." N.T. Trial at 125. Counsel did not assert that the court's comments impermissibly bolstered the veracity of Officer Lively's testimony. Accordingly, this argument is also waived for our review. **See Sanchez**, 82 A.3d at 969-970 (finding waived appellant's claim that prosecutor improperly bolstered witness' testimony where "the objection posed by [a]ppellant … was not offered on the basis of improper bolstering," but on another unrelated ground) (citations omitted); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Therefore, the only argument we may assess herein is Appellant's claim that the judge's remarks undermined defense counsel's credibility, thus entitling him to a new trial. Our Supreme Court has stated:

> Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

**Commonwealth v. Goosby**, 301 A.2d 673, 674 (Pa. 1973) (internal citations and quotation marks omitted).

It is clear from the record that the court directed two remarks toward defense counsel. First, the court stated that counsel's "term [was] a little misleading," and, second, that counsel was "speculating about a lot of things here." N.T. Trial at 123. When the court stated that counsel was using a "misleading" term, it went on to explain that an Affidavit of Probable Cause

requires *sufficient* facts, not a recitation of *all* the facts, as the court interpreted defense counsel's language as indicating. The court's comment was an accurate statement of law. *See Commonwealth v. Geary*, 411 A.2d 1195, 1197-1198 (Pa. 1980) (rejecting the appellant's argument that an Affidavit of Probable Cause for an arrest warrant must contain "all information used to supply probable cause[;]" emphasizing that "the applicable Rules of Criminal Procedure do not require all evidence used to supply probable cause for arrest to be included in the affidavit"). Moreover, we disagree with Appellant that the comment "denigrat[ed] defense counsel's standing in the courtroom." Appellant's Brief at 22. Instead, the court appropriately clarified for the jury a legal principle upon which the court thought defense counsel's language was unclear. *See Commonwealth v. Hammer*, 494 A.2d 1054, 1062 (Pa. 1985), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (indicating it is permissible for a judge to question a witness or comment on testimony for purposes of clarifying that testimony, or to "enlighten the jury").

The court's second remark that counsel was "speculating about a lot of things" appears to be more of an admonishment to counsel than a comment on counsel's credibility. This Court has stated that "a defendant is not entitled to a new trial because of the trial court's chastisement of his trial counsel unless that criticism reflects animosity towards or disbelief of the defendant or partiality favoring the Commonwealth." *Commonwealth v.*

***Correa***, 620 A.2d 497, 505 (Pa. Super. 1993). Here, the court's remark that counsel was speculating did not reflect animosity toward Appellant, nor indicate that the court disbelieved Appellant's defense. It also did not imply any favoritism toward the Commonwealth.

For these reasons, Appellant has not convinced us that he was prejudiced by the trial court's remarks during the cross-examination of Officer Lively. Accordingly, the trial court did not err in denying his motion for a mistrial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2014