RULE 203.  REQUIREMENTS FOR ISSUANCE.

(A)  In the discretion of the issuing authority, advanced communication technology may be used to submit a search warrant application and affidavit(s) and to issue a search warrant.

(B)  No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology.  The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(C)  Immediately prior to submitting a search warrant application and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority **in person, by telephone, or** by any device which **[, at a minimum,]** allows for simultaneous audio-visual communication.  During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant.  **In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.**

(D)  At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B).

(E)  No search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search.

(F)  A search warrant may be issued in anticipation of a prospective event as long as the warrant is based upon an affidavit showing probable cause that at some future time, but not currently, certain evidence of a crime will be located at a specified place.

(G) When a search warrant is issued, the issuing authority shall provide the original search warrant to the affiant and the issuing authority shall retain a contemporaneously prepared copy.

COMMENT:  Paragraph (A) recognizes that an issuing authority either may issue a search warrant using advanced

communication technology or order that the law enforcement officer appear in person to apply for a search warrant.

Paragraph (B) does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant. All affidavits in support of an application for a search warrant must be sworn to before the issuing authority prior to the issuance of the warrant. "Sworn" includes "affirmed." *See* Rule 103. The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority. *See* paragraph (C).

Paragraph (D) changes the procedure discussed in *Commonwealth v. Crawley*, **[209 Pa. Super. 70,]** 223 A.2d 885 (**Pa. Super.** 1966), aff'd *per curiam* **[432 Pa. 627,]** 247 A.2d 226 (**Pa.** 1968). *See Commonwealth v. Milliken*, **[450 Pa. 310,]** 300 A.2d 78 (**Pa.** 1973).

The requirement in paragraph (E) of a showing of reasonable cause for a nighttime search highlights the traditional doctrine that nighttime intrusion into a citizen's privacy requires greater justification than an intrusion during normal business hours.

An affiant seeking the issuance of a search warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

**[The "visual" requirement in paragraph (C) must allow, at a minimum, the issuing authority to see the affiant at the time the oath is administered and the information received.]**

**Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would**

**call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would keep a list of the signatures of the law enforcement officers whose departments have advanced communication technology systems in place, and compare the signature on the transmitted information with the signature on the list; or an established password system.**

Paragraph (F) was added to the rule in 2005 to provide for anticipatory search warrants. The rule incorporates the definition of anticipatory search warrants set forth in *Commonwealth v. Glass*, **[562 Pa. 187,]** 754 A.2d 655 (**Pa.** 2000).

Paragraph (G) was added to clarify who must retain possession of the original of the search warrant. When the search warrant is issued using advanced communication technology, the version delivered to the police officer is considered the original for purposes of this rule.

NOTE: Rule 2003 adopted March 28, 1973, effective for warrants issued 60 days hence; renumbered Rule 203 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended October 19, 2005, effective February 1, 2006; amended October 22, 2013, effective January 1, 2014 **[.]** **; amended November 9, 2017, effective January 1, 2018.**

\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*__Final__ __Report__ explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 __Pa.B.__ 2582 (May 25, 2002).*

*__Final__ __Report__ explaining the October 19, 2005 amendments regarding anticipatory search warrants published with the Court's Order at 35 __Pa.B.__ 6087 (November 5, 2005).*

*__Final__ __Report__ explaining the October 22, 2013 amendments regarding the original search warrants published with the Court's Order at 43 __Pa.B.__ 6649 (November 9, 2013).*

*__Final Report explaining the November 9, 2017 amendments regarding electronic technology for swearing affidavits published with the Court's Order at 47 Pa.B.           (       , 2017).__*

RULE 513.  REQUIREMENTS FOR ISSUANCE; DISSEMINATION OF
            ARREST WARRANT INFORMATION.

(A)  For purposes of this rule, "arrest warrant information" is defined as the criminal complaint in cases in which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case.

(B)  ISSUANCE OF ARREST WARRANT

(1)  In the discretion of the issuing authority, advanced communication technology may be used to submit a complaint and affidavit(s) for an arrest warrant and to issue an arrest warrant.

(2)  No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology.  The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(3)  Immediately prior to submitting a complaint and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority **in person, by telephone, or** by any device which **[, at a minimum,]** allows for simultaneous audio-visual communication.  During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant. **In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.**

(4)  At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavits provided for in paragraph (B)(2).

(C)  DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

The affiant or the attorney for the Commonwealth may request that the availability of the arrest warrant information for inspection and dissemination be delayed.  The arrest warrant affidavit shall include the facts and circumstances that are alleged to establish good cause for delay in inspection and dissemination.

(1)  Upon a finding of good cause, the issuing authority shall grant the request and order that the availability of the arrest warrant information for inspection and dissemination be delayed for a period of 72 hours or until receipt of notice by the issuing authority that the warrant has been executed, whichever occurs first.  The

5

72-hour period of delay may be preceded by an initial delay period of not more than 24 hours, when additional time is required to complete the administrative processing of the arrest warrant information before the arrest warrant is issued. The issuing authority shall complete the administrative processing of the arrest warrant information prior to the expiration of the initial 24-hour period.

(2) Upon the issuance of the warrant, the 72-hour period of delay provided in paragraph (C)(1) begins.

(3) In those counties in which the attorney for the Commonwealth requires that complaints and arrest warrant affidavits be approved prior to filing as provided in Rule 507, only the attorney for the Commonwealth may request a delay in the inspection and dissemination of the arrest warrant information.

COMMENT:  This rule was amended in 2013 to add provisions concerning the delay in inspection and dissemination of arrest warrant information.  Paragraph (A) provides a definition of the term "arrest warrant information" that is used throughout the rule.  Paragraph (B) retains the existing requirements for the issuance of arrest warrants.  Paragraph (C) establishes the procedures for a temporary delay in the inspection and dissemination of arrest warrant information prior to the execution of the warrant.

ISSUANCE OF ARREST WARRANTS

Paragraph (B)(1) recognizes that an issuing authority either may issue an arrest warrant using advanced communication technology or order that the law enforcement officer appear in person to apply for an arrest warrant.

This rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant.  All affidavits in support of an application for an arrest warrant must be sworn to before the issuing authority prior to the issuance of the warrant.  The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority.  *See* paragraph (B)(3).

This rule carries over to the arrest warrant the requirement that the evidence presented to the issuing authority be reduced to writing and sworn to, and that only the writing is

subsequently admissible to establish that there was probable cause. In these respects, the procedure is similar to that applicable to search warrants. *See* Rule 203. For a discussion of the requirement of probable cause for the issuance of an arrest warrant, see *Commonwealth v. Flowers*, **[24 Pa.Super. 198,]** 369 A.2d 362 (**Pa. Super.** 1976).

The affidavit requirements of this rule are not intended to apply when an arrest warrant is to be issued for noncompliance with a citation, with a summons, or with a court order.

An affiant seeking the issuance of an arrest warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

**[The "visual" requirement in paragraph (B)(3) must allow, at a minimum, the issuing authority to see the affiant at the time the oath is administered and the information received.]**

**Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would keep a list of the signatures of the law enforcement officers whose departments have advanced communication technology systems in place, and compare the signature on the transmitted information with the signature on the list; or an established password system.**

Under Rule 540, the defendant receives a copy of the warrant and supporting affidavit at the time of the preliminary arraignment.

DELAY IN DISSEMINATION OF ARREST WARRANT
INFORMATION

Paragraph (C) was added in 2013 to address the potential
dangers to law enforcement and the general public and the
risk of flight when arrest warrant information is disseminated
prior to the execution of the arrest warrant.  The paragraph
provides that the affiant or the attorney for the
Commonwealth may request, for good cause shown, the
delay in the inspection and dissemination of the arrest
warrant information for 72 hours or until receipt of notice by
the issuing authority that the warrant has been executed,
whichever occurs first.  Upon a finding of good cause, the
issuing authority must delay the inspection and
dissemination.

The request for delay in inspection and dissemination is
intended to provide a very limited delay in public access to
arrest warrant information in those cases in which there is
concern that pre-execution disclosure of the existence of the
arrest warrant will endanger those serving the warrant or will
impel the subject of the warrant to flee.  This request is
intended to be an expedited procedure with the request
submitted to an issuing authority.

A request for the delay in dissemination of arrest warrant
information made in accordance with this rule is not subject
to the requirements of Rule 576.

Once the issuing authority receives notice that the arrest
warrant is executed, or when 72 hours have elapsed from
the issuance of the warrant and the warrant has not been
executed, whichever occurs first, the information must be
available for inspection or dissemination unless the
information is sealed pursuant to Rule 513.1.

The provision in paragraph (C)(2) that provides up to 24
hours in the delay of dissemination and inspection prior to
the issuance of the arrest warrant recognizes that, in some
cases, there may be administrative processing of the arrest
warrant request that results in a delay between when the
request for the 72-hour period of delay permitted in
paragraph (C)(1) is approved and when the warrant is

8

issued.  In no case may this additional period of delay exceed 24 hours and the issuing authority must issue the arrest warrant within the 24-hour period.

When determining whether good cause exists to delay inspection and dissemination of the arrest warrant information, the issuing authority must consider whether the presumption of openness is rebutted by other interests that include, but are not limited to, whether revealing the information would allow or enable flight or resistance, the need to protect the safety of police officers executing the warrant, the necessity of preserving the integrity of ongoing criminal investigations, and the availability of reasonable alternative means to protect the interest threatened by disclosure.

Nothing in this rule is intended to limit the dissemination of arrest warrant information to court personnel as needed to perform their duties.  Nothing in this rule is intended to limit the dissemination of arrest warrant information to or by law enforcement as needed to perform their duties.

Pursuant to paragraph (C)(3), in those counties in which the district attorney's approval is required only for certain, specified offenses or grades of offenses, the approval of the district attorney is required for a request to delay inspection and dissemination only for cases involving those specified offenses.

NOTE: Rule 119 adopted April 26, 1979, effective as to arrest warrants issued on or after July 1, 1979; *Comment* revised August 9, 1994, effective January 1, 1995; renumbered Rule 513 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended December 23, 2013, effective March 1, 2014 **[.] ; amended November 9, 2017, effective January 1, 2018.**

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the August 9, 1994 Comment revisions published at 22 Pa.B. 6 (January 4, 1992); Final Report published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2582 (May 25, 2002).*

*Final Report explaining the December 23, 2013 amendments providing procedures for delay in dissemination and sealing of arrest warrant information published with the Court's Order at 44 Pa.B. 239 (January 11, 2014).*

*Final Report explaining the November 9, 2017 amendments regarding electronic technology for swearing affidavits published with the Court's Order at 47 Pa.B.　　　(　　, 2017).*